### Sylvester Shafer v. Rosetta Shafer.

*Divorce: Appeal: Death of complainant: Dower.* In a divorce case brought by the husband, an appeal taken by the wife, from a decree against her, within the statutory period, but after the death of the complainant, where the husband at his death left a considerable estate, is held to be authorized by our statute.

*Divorce: Death of husband: Appeal: Parties.* Before such an appeal can be brought to a hearing, or any further proceedings had in it, the proper steps must be taken to bring in as parties the representatives of the deceased complainant, and his heirs.

*Alimony: Administrator.* The administrator of the deceased complainant will not be compelled to pay alimony on such appeal.

*Heard and decided October 6.*

Appeal in Chancery from Lapeer Circuit.

This was a bill for divorce brought by the husband, on which a decree for complainant was rendered in the court below. Within a short time after the decree the complainant died, leaving a considerable estate. After his death, but within the period allowed by statute for appeals in chancery, the defendant took an appeal to the supreme court, notices being served on the solicitor of record for the complainant in the court below, and on the administrator of the deceased complainant's estate.

*W. W. & M. N. Stickney,* for the complainant, move to dismiss the appeal on the ground that it is unauthorized.

*Gaskill & Geer,* for defendant, argued that the decree affected property rights of the defendant which she ought to be entitled to have reviewed, and that there was nothing in the statutes expressly prohibiting such an appeal.

THE COURT held that our statute regulating chancery appeals is broad enough to authorize such an appeal in a cause thus circumstanced; but that before the appeal can be brought to a hearing, or any further proceedings had in the cause, the proper steps must be taken to bring in as parties the representatives of the deceased complainant, and his heirs at law.

Motion denied.

---

*Gaskill & Geer,* for defendant, having served notices upon the administrator of the deceased complainant, and upon the guardian for his children, moved for alimony and an allowance.

*W. W. & M. N. Stickney* and *Hoyt Post, contra.*

THE COURT held that, in view of the nature of the proceedings, and of the statute regulating the settlement of estates and the powers and duties of administrators, it was not authorized to require and enforce payment of alimony by the administrator.

Motion denied.