## JANE REA v. JOHN REA.

*Circuit court commissioner—Proofs in divorce suits.*

1. A circuit court commissioner ought, in taking testimony, to refuse to take down unprofessional statements made by counsel, and scandalous objections.

2. Proofs bearing on the question of permanent alimony ought not to be taken until it has been determined by the court whether a divorce shall be decreed.

Appeal from Kalamazoo. (Mills, J.) Jan. 24.—Mar. 6.

BILL for divorce. Complainant appeals. Affirmed.

*Howard & Roos* for complainant.

*John Rea*, in person, for defendant.

COOLEY, C. J. This is a suit for divorce. It appears from the record that the husband first began suit, charging his wife with habitual drunkenness. She thereupon filed her bill, in which the complaint was extreme cruelty. The two suits proceeded together, and the evidence was taken in both. The circuit judge dismissed both bills. The husband submitted to the decree against him, and his case is therefore finally determined. The wife appealed her suit.

The record is an extraordinary one. The careful and conscientious circuit judge says, in an opinion filed by him : " I cannot pass over in silence, and do my duty, the unlawyer-like wrangling which took place between counsel during the taking of the testimony in this case. This record is full of unprofessional statements taken down by the commissioner at the request of counsel, and of objections which are not only burdensome and expensive to the litigants, but are scandalous in the extreme. The commissioner should have declined to have recorded the same. It must be further added that the proofs as taken are very unnecessarily prolix and cumulative, and would in any other than a divorce case in which one of the parties has no property, be met with a decree charging the party or parties responsible therefor with the costs of taking the same." This is a very moderate statement. The record is at least five times as voluminous as was needful for bringing out the material facts.

The circuit judge adds that "a wrong practice was also followed in the taking of proofs with a view to a decree for permanent alimony. No such proofs should have been taken until it was determined by the court whether or not a divorce should be decreed ; and moreover the proofs as taken upon this branch of the case are specially cumulative, and the cross-examination much too lengthy." In this also he is quite right.

On the merits we are inclined, though with considerable

hesitation, to hold that Mrs. Rea should have the divorce prayed for. Her case is not a strong one, and if we could indulge the hope, as the circuit judge did, that the parties might still compromise their difficulties, we might in our discretion affirm his action throughout. But such a compromise is not to be looked for.

The question of alimony remains. The cost of this needlessly expensive litigation has been borne by the husband, and the greater part of the property he had when it began is now gone. The record and the files in the case do not warrant us in finding him worth much over five thousand dollars, and this is in real estate which is incumbered to more than half its value. What he has would be sacrificed if he were compelled to sell it now to raise money. The property was accumulated by the joint labor of both, and perhaps the claim of one to it is as good as that of the other; but if Mr. Rea is now required to pay two hundred and fifty dollars to counsel in this Court, and one thousand dollars for alimony, it is as much as, under the circumstances, should be demanded. This is a small sum for the wife, but it has necessarily been made small because of the exhaustion of the husband's means.

CAMPBELL and CHAMPLIN, JJ. concurred. SHERWOOD, J. did not sit in this case.