FRED M. SEIBLY, ADMINISTRATOR, ETC., v. ROLLIN H. PERSON, CIRCUIT JUDGE OF INGHAM COUNTY.

*Divorce — Alimony — Death of defendant — Revivor — Pleading — Laches.*

1. Under How. Stat. §§ 6245, 6247, the court may decree suitable alimony, and may award a sum in gross, which becomes presently payable, or may sequester the real and personal estate of the defendant, and appoint a receiver thereof, and cause the personal estate and the rents and profits of the real estate to be applied to the payment of the alimony.

2. It is proper practice for the court in such a case to determine in the first instance the right of the complainant to a decree, and to reserve the question of alimony for subsequent adjudication; citing *Rea v. Rea*, 53 Mich. 40.

3. The death of the husband pending such adjudication will not oust the court of jurisdiction to award permanent alimony.

4. *Mandamus* will not lie to vacate an order, made upon the petition of the complainant that she be allowed alimony out of her husband's estate,—he having died testate after the making of the decree granting her an absolute divorce, and reserving the consideration of the question of alimony for further order and decree,—requiring the representatives of his estate to answer said petition.

5. In her petition the complainant excused her delay in filing the same, a period of 5 years, 8 months, and 24 days, by stating that she had been in straitened circumstances and unable to proceed with the completion of the decree for want of necessary means; that the defendant had purposely concealed his whereabouts, and the situation and location of his property, so that she was unable to proceed therewith; and that she had only been able to ascertain the situation and value of his property very recently. And it is held that the question of her laches should be determined in the reasonable discretion of the circuit judge.

6. The underwriting in the *subpœna* stated that a personal decree for divorce was sought against the defendant, and that the bill was filed to reach interests in property. And it is held

that the underwriting was sufficient to indicate that property interests were involved, and that this might include an allowance of alimony out of the property of the defendant.

7. The bill failed to allege the faculties of the defendant. And it is held that this does not preclude the remedy; that, as the decree provided that the question should be reserved for determination in that proceeding, and the defendant not having appealed from the decree, the omission is not fatal, and a subsequent proceeding upon the foot of the decree is admissible.

8. The heirs at law and legatees are necessary parties to such a proceeding.

*Mandamus.* Argued April 2, 1895. Granted June 4 1895.

Relator applied for *mandamus* to compel respondent to vacate an order reviving a divorce suit for the purpose of awarding permanent alimony. The facts are stated in the opinion.

*John I. Carpenter* and *Cahill & Ostrander*, for relator.

*Smith, Lee & Day*, for respondent.

MONTGOMERY, J. Elfina A. Adams, in May, 1887, filed a bill of complaint against Edward J. Adams, her husband, in the circuit court for the county of Ingham, praying a divorce from the bonds of matrimony. A subpoena was issued in the usual form, containing an underwriting, signed by the solicitor, which read:

"A personal decree is sought against the defendant for divorce, and the bill is filed to reach interests in property, and not to obtain any further relief against the remainder of the defendants."

The case proceeded, and on the 29th of January, 1889, a decree of divorce absolute was granted, which contained the following clause:

"It is further ordered that the consideration of the question of alimony be, and the same is hereby, reserved for further order and decree herein."

No further steps were taken by either party to the case until the death of Edward J. Adams, which occurred on the 15th day of September, 1894. Edward J. Adams died testate, and Fred M. Seibly was appointed administrator of his estate with the will annexed. An order was made on the 23d of October, 1894, by the respondent, on the petition of Elfina A. Adams, asking that she be allowed alimony out of the estate of her deceased husband, requiring the relator to answer the petition. The relator subsequently moved for a vacation of this order, which motion was denied, and he now asks a writ of *mandamus*, requiring respondent to vacate the order refusing relator's motion, and requiring the vacation of the first order made by the circuit judge.

It is undoubtedly a general rule that the death of either party to a divorce suit *pendente lite* abates the suit, and it is also the general rule that a proceeding to enforce alimony, at the common law, abates on the death of either party. The reason of the rule is, in the first instance, that the purpose for which the proceeding is pending—namely, the dissolution of marriage—is accomplished, and, in the second instance, that, common-law alimony consisting, as it does, of provision for the support of the wife, on a divorce *a mensa et thoro*, by means of an allowance to be paid by the husband, the proceeding relates to conditions which exist only during the life of the two. But under our statute (How. Stat. §§ 6245, 6247) the court may decree suitable alimony, and it may award a sum in gross, which becomes presently payable, or the court may sequester the real and personal estate, and appoint a receiver thereof, and cause the personal estate and the rents and profits of the real estate to be applied to the payment of the alimony. It is proper practice for the court to determine in the first instance the right to decree, and to reserve the question of alimony for subsequent adjudication. See *Rea v. Rea*, 53 Mich. 40. That was attempted to be done in this case, and, if it results that the death of the husband ousts the court of juris-

diction to award permanent alimony, it follows that in every case where a decree is entered in the form here employed there must be a period of greater or less duration during which the wife is at the risk of losing the interest in her husband's estate which she would have under the statute of distributions but for the divorce, and without opportunity afforded her by the court to have awarded her a proper allowance of alimony. This result would be manifestly unjust. That the right to award alimony may be reserved by the court in its decree, see Stew. Mar. & Div. § 376. See, also, *Miller v. Clark*, 23 Ind. 370.

It is also contended that Mrs. Adams was guilty of laches in prosecuting her claim. But the delay was excused by the petition, and we think that question should be determined in the reasonable discretion of the circuit judge.

It is further urged that neither the bill nor the subpoena indicated an intention to claim alimony. But we think the underwriting in the subpoena was sufficient to indicate that property interests were involved, and that this might include an allowance of alimony out of the property of defendant.

The failure to allege the faculties of defendant in the bill does not preclude the remedy; and, the decree providing, as it does, that the question should be reserved for determination in that proceeding, and the defendant not having appealed from the decree, we think the omission is not fatal, and that a subsequent proceeding upon the foot of the decree is admissible. 1 Amer. & Eng. Enc. Law, 478; Stew. Mar. & Div. § 367.

In one respect, however, we think that the order was erroneous. Neither the heirs at law nor legatees named in the will were made parties to the proceeding, which, we think was necessary. See *Shafer v. Shafer*, 30 Mich. 163.

The order should be vacated, but without prejudice to the right of complainant to proceed to file a petition

bringing in the proper parties; and, under the circumstances of the case, this order will be without costs.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.