REEVES v. REEVES.

1. ALIMONY—REAL ESTATE.
   In awarding alimony, a portion of the husband's real estate may be set off to the wife.

2. SAME—ESTATES BY ENTIRETY.
   The fact that the title to the real estate is held jointly by the parties will not preclude its being set off as alimony.

3. SAME—HOMESTEAD.
   The homestead may be awarded as alimony to the wife, who is given the custody of the children.

Appeal from Kent; Adsit, J. Submitted June 9, 1898. Decided July 12, 1898.

Bill by Eleanor C. Reeves against George R. Reeves to compel a conveyance of real estate under a decree for alimony. From a decree for complainant, defendant appeals. Affirmed.

*Maher & Salsbury*, for complainant.

*C. C. Howell* (*Edwin F. Sweet*, of counsel), for defendant.

LONG, J. On April 23, 1896, a decree of divorce was granted to complainant from the defendant. That decree provided that complainant have the custody of the two minor children. It also provided that the defendant pay to complainant $3,000, and certain costs of the proceedings, within 30 days,—complainant to release all interest in defendant's property,—and, in default of payment of said $3,000 within that time, then that the property described as lot 12, block 6, of Wenham's addition to the city of Grand Rapids, Kent county, Mich., be conveyed to complainant. These moneys not having been paid, the present bill is filed to compel the conveyance of

said property. An answer was filed to the present bill, and replication thereto, and proofs taken in open court. The court decreed that defendant execute and deliver the deed, and that the decree stand as a conveyance, when duly recorded. From this decree the defendant appeals.

Counsel contend that the provision in the decree that defendant make, execute, and deliver a deed of conveyance of the premises to the complainant is void, and a suit to enforce it cannot be maintained, on the grounds:

1. That the title to defendant's real estate could not lawfully be taken from him, and transferred to the complainant, in this way.

2. That the particular property in controversy is defendant's homestead.

3. That the property was conveyed to the parties as husband and wife, and he cannot be deprived of his interest therein.

4. That the court could not give to the wife, as alimony, the entire property of the husband.

The last point need not be discussed, as we are satisfied from the testimony that the husband had interests in other property, which he now controls, and which leaves him well provided for, aside from the property in controversy.

The court, in awarding alimony, may set off a portion of the husband's estate to the wife. *McClung* v. *McClung*, 42 Mich. 53; *Brick* v. *Brick*, 65 Mich. 230. In the present case the property in controversy was held jointly by the husband and wife, and was of the value of $4,000. It was incumbered by a mortgage of $1,000. The other property of the husband the court below found to be of the value of $10,000, incumbered to the amount of about $2,000.

It is contended by the solicitor for defendant that while the court may award a suitable alimony, and may cause the rents of the real estate to be applied to the payment of alimony, it has no power to transfer title; citing *Seibly* v. *Ingham Circuit Judge*, 105 Mich. 584. In that case a decree of divorce was granted, and the decree contained

the clause, "It is further ordered that the consideration of the question of alimony be, and the same is hereby, reserved for further order and decree herein." Before any further steps were taken, the husband died, and the wife then petitioned to be allowed alimony out of the estate. It was held that the right to award alimony might be reserved by the court in its decree, but the order was vacated here because neither the heirs at law nor legatees were made parties, though without prejudice to the filing of a new petition. The question was not suggested that the title to the real estate could not be transferred by the order of the court of chancery, though it was said that the court might sequester it.

The fact that the title was held jointly by the parties has no force in the determination of the question here. The husband's interest in the property was transferred to the wife by the terms of the decree, and could be transferred the same as the title to any other property. The wife owned the other moiety.

We think it unnecessary to discuss the question of the homestead right, which counsel for the husband raise. The parties cannot live together. The wife has the custody of the children. It cannot be the home of both. The constitutional provision as to homesteads has no application here.

The decree must be affirmed.

The other Justices concurred.