[S. F. No. 1902.   Department Two.—November 22, 1899.]

DANIEL SNIBLEY, Respondent, v. WILLIAM PALMTAG, Appellant.

Election Contest—Abatement—Death of Contestant after Judgment against Contestee—Appeal—Substitution of Administrator. Neither the contestant of an election nor his estate can escape liability for costs, in case the contest is unsuccessful; and the action does not abate by the death of the contestant after a judgment annulling the election of the contestee, nor can the contestee be deprived thereby of his right of appeal. Upon death of the contestant pending the appeal, the administrator of his estate may be substituted upon motion in the supreme court, and the case will be heard upon its merits.

APPEAL from a judgment of the Superior Court of San Benito County.  Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

H. W. Scott, and Briggs & Hudner, for Appellant.

A. M. Cunning, and L. W. Jefferson, for Respondent.

TEMPLE, J.—This is an election contest for the office of supervisor of San Benito county.  Appellant was declared elected by the board of canvassers.  Respondent, being the opposing candidate, contested the election under the provisions of the Code of Civil Procedure, charging that illegal votes were counted for Palmtag, and that upon a proper count contestant would be found to have been elected.

Upon the trial, the court found that contestant and contestee had received the same number of legal votes, and ordered and adjudged that the alleged election of William Palmtag,

"whose election to said office was so declared by the board of supervisors of San Benito county, state of California, on November 14, 1898, be and the same is hereby set aside, canceled, and annulled." Defendant appeals, and contends that having found that there was a tie, and, therefore, that no other person had received a greater number of legal votes than the contestee, the election could not be annulled, but the contest should then be dismissed. But he also contends that the court committed errors in the count and erroneously found that appellant did not receive the highest number of legal votes.

After the appeal had been taken the respondent died, and the contestee now asks the court to remand the case, with directions to the trial court to vacate the judgment and dismiss the action. He takes the ground that the action abated upon the death of contestant. The estate of deceased, he argues, cannot be interested in the action; it will not be benefited by any possible judgment, and is not an elector, and the legal representative may not be such. The statute does not provide for the contingency of the death of the contestant, and no one can be substituted in his place.

The contest is a special statutory proceeding, and it often happens in such cases that the legislature has failed to anticipate and provide for all possible contingencies. Any elector may inaugurate the contest, and had Snibley not been the opposing candidate the same difficulty would have existed. And the trouble would have been the same if the court had found that Snibley had received a majority of the legal votes, or if the finding had been in favor of the contestee, and he had died after judgment. In either case it seems very hard if the survivor, against whom the judgment has been rendered, cannot appeal from it.

Were the cause of action one which would die with the person, still after judgment the action does not abate. It is then property, and goes to the estate of the successful party if he dies after judgment. The judgment may be attacked and set aside on appeal, but so long as it stands it is not affected by the death of either party. (*Atlantic Dock Co. v. Mayor etc.*, 53 N. Y. 64; *Shafer v. Shafer*, 30 Mich. 163; *Danforth v. Danforth*, 111 Ill. 236.)

It is not correct to say that the estate of the deceased has no interest in the controversy.   It is provided in section 1125 that if the proceeding be dismissed for want of prosecution, or if the election be affirmed, "judgment must be rendered against the party contesting such election for costs."   Having commenced the proceeding and prosecuted it to judgment, by which the contestee is deprived of an office to which he had been declared elected, neither he nor his estate could escape the responsibility he has assumed.   Appellant has a right to his appeal, and there is a chance that the judgment may be reversed, and that upon a retrial the election will be affirmed.

The motion of the appellant is denied, but upon causing the representative of the estate of Snibley to be substituted the case will be heard.

Henshaw, J., and McFarland, J., concurred.