BRADLEY *v.* BRADLEY.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

In suit for divorce on ground of extreme and repeated cruelty, evidence that defendant called plaintiff names that were obscene and opprobrious, imputing depraved and immoral conduct, and made in the presence of others; that he made humiliating observations to plaintiff with reference to other women to the effect that he proposed to have sexual relations with them; that he threatened to kill plaintiff and then commit suicide; that he continually found fault with her and refused to cooperate in maintaining family harmony and his statement on the trial that he did not want his wife back *held,* sufficient to support decree for plaintiff.

2. SAME—DIVISION OF PROPERTY INTERESTS—TENANT FARMERS.

> In suit for divorce between tenant farmer and his wife, award to her of the household furnishings, two cows, a colt, a pig and some chickens, about the equivalent of what plaintiff's father had given her when they were married, about a third of what the parties had accumulated after their marriage, $2.25 per week for the support of his child, and an additional sum of $40 to plaintiff is not disturbed where Supreme Court is unable to say that such disposition of property interests is different than it would have made had it been the trial court.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted January 9, 1940. (Docket No. 129, Calendar No. 40,965.) Decided March 15, 1940.

Bill by Lucille Bradley against Clare Bradley for an absolute divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Robert H. Baker* and *Charles H. Goggin,* for plaintiff.

*Brake & Miel,* for defendant.

McALLISTER, J. Defendant appeals from a decree of divorce in which plaintiff was awarded certain property interests and the custody of the minor child of the parties. Complaint is made that there was insufficient evidence to support the plaintiff's claim of extreme and repeated cruelty.

On a review of the evidence, it appears that at various times defendant called plaintiff names that were obscene and opprobrious, imputing depraved and immoral conduct, and that such remarks were made in the presence of others. The testimony further discloses humiliating observations by defendant to plaintiff, with reference to other women, to the effect that defendant proposed to have sexual rela-

tions with them. He also threatened to kill plaintiff and then commit suicide. He continually found fault with plaintiff's efforts about the home and refused to help her in the usual ways that a man of a farm contributes to family harmony and cooperation. On the trial, he said that he did not want his wife back and that "she couldn't buy her way back to me." Under the foregoing, the decree was sufficiently supported by evidence. *Brookhouse* v. *Brookhouse*, 286 Mich. 151.

With regard to the property interests, the court awarded plaintiff the meager household furnishings of the parties; also, two cows, a colt, a pig, and some chickens. The latter included approximately the property, or its equivalent, which was given by plaintiff's father to the parties at the time of their marriage two years previous and, in addition, about a third of what the parties had accumulated after marriage. The court also ordered defendant to pay the sum of $2.25 per week for the support of his child and an additional sum of $40 to plaintiff.

The parties are poor. Defendant has been a tenant farmer. He complains of being deprived of the cows and chickens and of the difficulties of carrying on as such a farmer without income from these sources. But plaintiff and her child are entitled to consideration and support. .

On review, we will not interfere with the trial court's disposition of the property interests unless convinced that we would have reached a different conclusion had we occupied the situation of the trial court in the proceedings. *Brookhouse* v. *Brookhouse, supra; Stratmann* v. *Stratmann*, 287 Mich. 94.

Decree affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, Wiest, and Butzel, JJ., concurred.