[Civ. No. 12205. First Dist., Div. Two. Nov. 10, 1942.]

SAMUEL E. CUPPLES, Respondent, v. CLARENCE A. CASTRO, Appellant.

David M. Burnett, John M. Burnett and Charles Wilcox for Appellant.

Rea, Free, Jacka & Frasse for Respondent.

STURTEVANT, J.—This is an appeal by the contestee in an election contest. He has brought up the judgment roll only. On April 7, 1941, a municipal election was held in the city of Santa Clara. Among the offices to be filled was the office of mayor. Clarence A. Castro, Samuel E. Cupples, and Peter Dies were the contesting candidates. ■ The canvassing board found that Cupples and Castro each received 911 votes and declared Castro elected. The contestant Cupples filed a contest. The contestee Castro answered. The trial court made findings in favor of the contestant. It found that the contestant received 907 legal votes and that the contestee received 898 legal votes. Thereupon the trial court ordered a judgment to be entered in favor of the contestant. From that judgment the contestee appealed July 25, 1941. His transcript was filed May 15, 1942. The contestant died February 12, 1942. On July 24, 1942, Mr. Free, who had been one of the attorneys for the contestant in the trial court, filed an affidavit advising this court of the date of the death of the contestant. On October 14, 1942, the cause was on the calendar of this court for hearing. At that time our attention was called to the fact that the contestant died February 12, 1942, and the contestee submitted the matter. He now contends that no substitution under the facts would be proper and that the contestee may assert such rights as he has.

That assertion may not be sustained. It is not an open question in this state. *Snibley* v. *Palmtag,* 127 Cal. 31 [59 P. 200], involved a set of facts that is parallel in all material respects. Snibley and Palmtag were rival candidates for the office of supervisor in San Benito County. The canvassing board, the board of supervisors, declared a tie and also declared Palmtag elected. Snibley contested the election and the trial court also declared a tie and adjudged that the election of Palmtag by the board of supervisors be annulled. Palmtag appealed. Later Snibley died. In presenting his appeal Palmtag contended that as the trial court found the election resulted in a tie the action should be remanded and that the trial court should be ordered to dismiss it. He asserted the action abated on the death of Snibley, that the representative of the decedent could not be interested in the action, that Snibley's estate would not be benefited by any possible judgment, that such estate is not an elector, and its representative may not be such. On page 32 the court said:

"Were the cause of action one which would die with the

person, still after judgment the action does not abate. It is then property, and goes to the estate of the successful party if he dies after judgment. The judgment may be attacked and set aside on appeal, but so long as it stands it is not affected by the death of either party. [Citing cases.]

"It is not correct to say that the estate of the deceased has no interest in the controversy. It is provided in section 1125 that if the proceeding be dismissed for want of prosecution, or if the election be affirmed, 'judgment must be rendered against the party contesting such election for costs.' Having commenced the proceeding and prosecuted it to judgment, by which the contestee is deprived of an office to which he had been declared elected, neither he nor his estate could escape the responsibility he has assumed. Appellant has a right to his appeal, and there is a chance that the judgment may be reversed, and that upon a retrial the election will be affirmed.

"The motion of the appellant is denied, but upon causing the representative of the estate of Snibley to be substituted the case will be heard."

So in the instant case, in the absence of the contestant and his representative this court may not determine that the contestee has rights, or what those rights may be.

It is ordered that the submission be set aside and that the cause go off calendar. Upon causing the representative of Cupples to be substituted the case will be heard.

Spence, Acting P. J., and Dooling, J. pro tem., concurred.