[Civ. No. 12205. First Dist., Div. Two. May 28, 1943.]

EUNICE I. CUPPLES, as Administratrix, etc., Respondent, v. CLARENCE A. CASTRO, Appellant.

David M. Burnett, John M. Burnett and Charles Wilcox for Appellant.

Rea, Free, Jacka & Frasse for Respondent.

SPENCE, J.—This is an appeal taken upon the judgment roll alone from a judgment in favor of the contestant in an election contest.

The cause was previously before this court for hearing, at which time it was ordered off calendar until a representative of contestant Samuel E. Cupples might be substituted as respondent. (*Cupples* v. *Castro*, 55 Cal.App.2d 489 [130 P.2d 747].) Since that time Eunice I. Cupples, as the administratrix of the estate of Samuel E. Cupples, deceased, has been duly substituted; said administratrix has filed a brief; and the cause has been argued and submitted.

The trial court entered its judgment in favor of the contestant on July 18, 1941. This appeal was taken by the contestee on July 21, 1941. Before the filing on May 15, 1942, of the transcript on appeal, the contestant died on February 12, 1942. On the previous hearing, it was held upon the authority of *Snibley* v. *Palmtag*, 127 Cal. 31 [59 P. 200], that the estate of the deceased had an interest in the appeal because of the provisions for costs in election contests (Elections Code, sec. 8572) and that while the contestee had a right to pursue his appeal, he could not do so until a representative of the contestant had been substituted. After the substitution had been made and at the oral argument on May 12, 1942, it was, of course, conceded that the contestant had died during the pendency of the appeal and it was further conceded that the two year term, for which the contestant and contestee ran in the disputed election of April 7, 1941, had expired. In view of these conceded facts, the only remaining controversy between the contestee and the representative of the contestant is the controversy over costs.

A determination of this controversy over costs does not require the discussion of the numerous questions argued in the briefs of the parties. Section 8511 of the Elections Code provides that any elector may contest an election upon any of the grounds specified therein. The contest herein was brought upon the grounds specified in subdivisions (d) and

(e) of said section, to wit: errors of precinct boards in determining the qualifications of certain electors and the legality of certain votes and errors in the counting, tallying and canvassing the returns sufficient to change the result of the election. The contestant sought judgment annulling and setting aside the election of the contestee (Elections Code, sec. 8556) and declaring that the contestant had been duly elected mayor of the city of Santa Clara. (Elections Code, sec. 8557.) The contestee filed an answer in which he alleged among other things, ''That each and every vote cast, counted and tallied at said election for this contestee was correctly counted and was a valid and legal vote by a duly qualified elector of the City of Santa Clara entitled to vote at said election; that each of said ballots cast for this contestee at said election were ballots that were properly marked and cast and valid and regular in all respects.'' The contestee prayed that judgment be entered declaring that the contestee had been duly elected mayor of the city of Santa Clara. It was not suggested in the pleadings of either party that there had been any errors or irregularities other than alleged errors above indicated. On the contrary, the pleadings of both parties were drawn upon the theory that the election was generally valid except for the alleged errors above indicated. The trial court found in favor of the contestant and found specifically that ''Samuel E. Cupples, contestant herein, received 907 legal votes for the office of Mayor of said City of Santa Clara at said election; Clarence A. Castro, contestee herein, received 898 legal votes, and no more for said office, . . . ''; and as conclusions of law, the trial court concluded that the election of the contestee should be annulled and set aside and that the contestant should be declared elected.

On this appeal upon the judgment roll alone, the contestee of course makes no contention that the evidence was insufficient to sustain the findings with respect to the number of votes received by the respective candidates. His sole contention is that the election was invalid generally because of certain other alleged irregularities, not specified in the pleadings; ''that all ballots cast in this case are illegal''; and that ''the election should be held void as to Mayor and that neither party was elected Mayor of Santa Clara.'' He states, ''In this case, Mr. Cupples may have proved that Mr. Castro was not elected Mayor but Mr. Cupples has failed to prove that he

was elected Mayor. It is our contention that the judgment of the court should be one annulling the election of the Mayor and ordering a new election. . . ." The concession of the contestee that the contestant, as an elector, was entitled to a judgment annulling the election of the contestee (Elections Code, sec. 8556) is determinative of the only remaining controversy with respect to costs. (Elections Code, sec. 8572.)

The question of whether the contestant, as a candidate, was or was not elected mayor at a valid election has clearly become a moot question because of the expiration of the term for which the election was held. No useful purpose could be served by discussing the alleged irregularities now suggested by the contestee or by discussing the right of the contestee to urge such irregularities under the circumstances.

The judgment is affirmed.

Nourse, P. J., and Dooling, J. pro tem, concurred.