BURLAGE *v.* RADIO CAB COMPANY.

RADIO CAB COMPANY *v.* BURLAGE.

1. EQUITY—ALLOCATION OF TAXICAB BOND PLATES—DILIGENCE.

Where plaintiffs, minority members of nonprofit corporation, seek allocation of bond plates, issued by city to operators of taxicabs, some 6 years after allotment to corporation by city, during which time value of the plates became greatly enhanced, plaintiffs were not entitled to relief because of failure to be vigilant and lack of diligence in protecting their rights.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PREFERENCE TO CONTROLLING STOCKHOLDER OF NONPROFIT CORPORATION.

Question as to whether controlling stockholder may have a preference in the distribution of bond plates to its members, not having been presented to the trial court, may not be heard by the Supreme Court.

3. JUDGMENT—CONSENT DECREE—DELAY.

Consent decree in suit between stockholders of a nonprofit corporation *held,* binding upon parties thereto where subsequent proceeding to amend it was commenced some 6 years later because of events of which plaintiffs had had knowledge nearly a year before the decree was entered.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 6, 1948. (Docket Nos. 2, 3, Calendar Nos. 43,979, 43,980.) Decided May 18, 1948.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am. Jur., Corporations, § 460.

[2] 3 Am. Jur., Appeal and Error, §§ 246–258.

[3] 31 Am. Jur., Judgments, §§ 364, 729, 730, 733.

[3] Power to open or modify consent judgment. 139 A.L.R. 421.

Bill by Joseph Burlage and others against Radio Cab Company, a nonprofit corporation, and others to compel the allocation of certain bond plates.

Motion by Joseph Burlage and others to grant rehearing in case of Radio Cab Company v. Burlage.

Bill dismissed and motion for rehearing denied. Plaintiff Burlage and others appeal. Affirmed.

*Everett D. Crowe* and *John C. Ray,* for plaintiffs.

*Hepburn, Coy, Jossman & Kwetcher* (*Frank Iannelli,* of counsel), for defendants.

Sharpe, J. This is a suit by a group of minority stockholders of the Radio Cab Company of Detroit against the corporation of which they are members. The purpose of the suit is to compel the corporation to turn over to plaintiffs additional bond plates.

The Radio Cab Company is a nonprofit corporation organized in 1934 with an authorized capitalization of 1,000 shares of no par value stock. The original operators of taxicabs of the corporation were Peter Theodore, Isadore Keslin, and Joseph Burlage. The original members of the corporation were Peter Theodore, Joseph Burlage and Cyril Theodore; they did not pay anything for their stock and no official meetings of the corporation were held. In 1937, Peter Theodore sold five shares of his stock to new members who, having ascertained that no meetings of the corporation had been held, demanded that Peter Theodore call such a meeting.

Upon the failure of Peter Theodore to call such a meeting, Joseph Burlage, one of the minority stockholders, called a meeting. Thereupon, Peter Theodore instituted a suit in chancery to enjoin the meeting. Defendants in that suit filed a cross bill

which was later dismissed by the trial court. Defendants therein appealed to the Supreme Court.

Pending appeal, Peter Theodore gave notice to the minority group that they would have to pay dues. When these dues were not paid at the date requested, the Radio Cab Company commenced another suit against the minority group resulting in a consent decree being filed on November 14, 1939, the pertinent parts of which are as follows:

"3. That any and all claims, rights, choses in action and all manner of difference now existing or that might in any manner possibly arise through any of the dealings, transactions or agreement had prior to this date by and between the parties hereto, and by and between the defendants to this case, jointly or individually, and Peter Theodore and Cyril Theodore, jointly or individually, be and the same are hereby released and discharged and cancelled and held for naught.

"4. That plaintiff corporation shall give defendants the right to purchase and allocate among themselves, 16 shares of its treasury stock, at the price on (of) $100 per share, provided that defendants are otherwise qualified under the bylaws when they seek to exercise said right; the parties hereto agree that except as herein provided no share of stock shall be sold for less than the sum of $500.

"5. That bond plates allocated to the plaintiff corporation in the future shall be distributed by the plaintiff among its shareholders on a pro-rata basis, according to the number of cabs each shareholder is operating and provided the shareholder or shareholders are otherwise qualified under the bylaws at the time he is entitled thereto. At the present time ratio as between defendants and Peter Theodore shall be at the rate of 138 to 33 by agreement between the parties, provided that nothing stated in this decree shall be construed as a finding by the court that the plaintiff corporation has acted wrong or unjust toward its shareholders or the defendants herein or

that they are as a matter of right entitled to any of the provisions herein contained."

Since the entry of the above decree, the minority group has paid dues and operates its business at a place in Detroit different from the headquarters of the Radio Cab Company.

It appears that in order to operate a taxicab in the city of Detroit it is necessary to obtain a license from the city which license is commonly known as a "bond plate." A yearly license fee is paid to the city for the bond plate. At the time the corporation was formed all the shareholders were experienced cab drivers. The bond plates were owned by the individual members of the corporation and after allocation by the city of Detroit to the Radio Cab Company were issued to individual shareholders. In 1937, the city of Detroit allocated 50 bond plates to the Radio Cab Company. These were picked up by Peter Theodore from time to time during 1937 and 1938, the last being issued to him in December, 1938.

At this time Peter Theodore and Cyril Theodore held 195 shares of stock in the corporation and, also, had 138 plates, while the appellants held 17 shares of stock and 17 plates. In September, 1945, certain veterans requested bond plates from the city of Detroit to operate taxicabs and the existing cab companies also requested additional plates. This request was granted. The Radio Cab Company received an allotment of 25 additional bond plates of which the corporation authorized the issue of five of such plates to appellants.

In June, 1946, plaintiffs filed a bill of complaint in the circuit court of Wayne county in which they seek a decree allocating to them 10 bond plates of the recent issue of 25 bond plates. In March, 1947, plaintiffs filed a petition for an order to amend the decree of November, 1939. The petition alleged that petitioners were kept in ignorance of the 1945 bond

plate issue from the city of Detroit and were not allowed to make application for their interests; that Peter Theodore since the date of the 1939 decree acquired taxicabs in other taxicab companies and operates such cabs out of the headquarters of the Radio Cab Company. The relief sought was an amended decree that would provide for a more equitable distribution of bond plates.

The Radio Cab Company filed an answer to the petition and a motion to dismiss the petition for the following reasons:

"A. Despite the fact that the record in this cause shows that the defendants knew they would not receive the 16 contemplated bond plates, since November, 1939, they made no effort to modify or change the decree until a petition to modify was filed in this cause on March 12, 1947, and the defendants are, therefore, guilty of laches.

"B. The motion for rehearing fails to state any particular points in which the decree or order is alleged to be erroneous, as required by Rule No. 48, § 2, of Michigan Court Rules (1945).

"C. Defendants are guilty of laches because there has been a material change in circumstances since the entry of such decree in that the value of bond plates has risen from several hundred dollars each to approximately $5,000 each and that if the defendants were allowed to prevail, they would obtain unconscionable gain and profit at the expense of plaintiff.

"D. Plaintiff and Peter Theodore, cross-defendant in said cause, have acted upon and under the terms of such decree, in accordance with its provisions, and the defendants have accepted the benefits therefrom.

"E. If there was any mistake of fact on the part of some of the defendants, such mistake was due to their own negligence and the negligence of their attorneys and was not due to any misrepresentation made by Peter Theodore.

"F. Since the decree was entered on November 14, 1939, the City of Detroit has passed an amendment to section 4 of chapter 102 of the compiled ordinances of the city of Detroit for the year 1945, being ordinance No. 102–E, effective September 4, 1946, which provides that bond plates cannot be transferred and this court has no jurisdiction to transfer any bond plates in view of the provisions of said ordinance."

The cause came on for trial and the trial court on June 16, 1947, dismissed plaintiffs' bill of complaint and entered a decree which contained the following:

"Now, therefore, the court finds that the plaintiff Radio Cab Company, Peter Theodore, president thereof, or anyone acting in its or his behalf were not guilty of any bad faith, undue influence, misrepresentation, or fraud, either actual or constructive, in this cause, and that the provisions of the consent decree heretofore entered correctly stated the intent of the parties thereto and that there was no mistake or misapprehension either as alleged by defendants or otherwise, and the court further finds that the other claims of the defendants particularly included in their petition for order to modify and amend the decree were not substantiated by testimony submitted in the cause.

"Now, therefore, upon due consideration thereof, and upon motion of Hepburn, Coy & Gringle, attorneys for plaintiffs, it is ordered, adjudged and decreed, that the defendants' motion and petition for rehearing *sua sponte* with which is combined defendants' petition to modify and amend the decree in this cause be, and the same is, hereby denied with prejudice."

Plaintiffs appeal and in their reasons and grounds for appeal urge that:

"2. The court erred in the construction of the law in the case.

"3. The court erred in dismissing plaintiffs' bill of complaint on the evidence adduced at the hearing.

"4. The court erred in not decreeing that the minority group was entitled to additional bond plates.

"5. The court erred in not finding that Peter Theodore as majority stockholder of a Michigan nonprofit corporation, did not have the right to take all of the 1937 bond plate issue of the city of Detroit and in not awarding minority group its share of same."

It is conceded by plaintiffs that of the last issue of 25 bond plates, they have received five which is not less than the amount they are entitled to under the 1939 decree. Nor do they claim any error because the trial court did not set aside the consent decree of November, 1939.

In their brief, plaintiffs urge that they are entitled to additional bond plates of the 1937-1938 bond plate issue of 50. The record shows that plaintiffs knew in December, 1938, nearly a year prior to the consent decree of November, 1939, that the bond plates had been taken by Peter Theodore. Plaintiffs waited from 1939 to 1945 before they began suit to amend the consent decree, during which time the value of bond plates has been greatly enhanced. In our opinion they have not been vigilant in protecting their claimed rights. Citation of authority is unnecessary to establish the principle that equity will not lend its aid to those who are not diligent in protecting their own rights.

Plaintiffs also urge that in a nonprofit corporation the controlling stockholder may not have a preference in the distribution of bond plates to its members. This question was not presented to the trial court and is now presented to us for the first time.

In *Krause* v. *Faulkner,* 318 Mich. 422, we said:

"We do not on appeal to this Court hear objections which could have been raised in the court below but were not there raised."

We conclude that the consent decree of November, 1939 is binding upon the parties thereto. Because of this decree plaintiffs have not shown that they are entitled to any relief in a court of equity.

The decree of the trial court is affirmed, with costs to defendants.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.