WORKMAN v. PETERSON.

1. Divorce—Death—Abatement and Revival.
   A suit for divorce survives the death of one of the parties litigant insofar as it involves property rights.

2. Same—Appeal—De Novo Review.
   Appeal in a suit for divorce is heard *de novo* by the Supreme Court.

3. Same—Property Settlement—Modification of Decree.
   Decree of divorce wherein plaintiff wife was awarded $1,800 payable at rate of $10. weekly and imposed as a lien on defendant's real and personal property is increased to $2,000 payable in instalments of $500 in 6 months, $500 in 1 year and $1,000 in 2 years from date of decree of Supreme Court, where decree entered below worked an undue hardship to plaintiff and defendant is possessed of means of paying amount decreed in substantial payments with lien limited to his real property described in the decree and without interest except as to past-due sums.

4. Same—Remand—Rehearing as to Property Rights.
   Remand in order to take further testimony touching property rights of parties to suit for divorce is not ordered, where issue of property rights was submitted to trial court on record made in that court at time of hearing, plaintiff did not move for a rehearing on the right to submit further relevant testimony nor make a showing which would justify a rehearing of that phase of the case on a new and additional record not before the trial court.

References for Points in Headnotes
[1, 5] 1 Am Jur, Abatement and Revival, § 110.
[1, 5] Effect of death of party to divorce or annulment suit before final decree.  104 ALR 654; 158 ALR 1205.
[1, 5] Death of party to divorce suit after final divorce decree, but pending appeal or period allowed for appeal.  148 ALR 1111.
[3] 17 Am Jur, Divorce and Separation, § 445.
[6] 3 Am Jur, Appeal and Error, §§ 246, 820.

5. SAME—FURTHER HEARING—EXPENSE OF LAST ILLNESS AND BURIAL
OF WIFE AFTER DECREE.

   Further hearing in a divorce case is not ordered for purpose
   of permitting the administratrix of plaintiff wife's estate
   to attempt to have it adjudicated that defendant is liable
   for the expenses of plaintiff's last illness and burial which
   occurred after appeal had been taken but before record
   was settled.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXPENSE OF LAST
ILLNESS AND BURIAL OF WIFE AFTER DECREE.

   Question as to whether defendant husband in suit for divorce
   was liable for expense of last illness and burial of wife after
   decree of divorce had been entered, not having been sub-
   mitted to the trial court, cannot be considered by the Su-
   preme Court on appeal.

Appeal from Muskegon; Sanford (Joseph F.), J.
Submitted January 10, 1950. (Docket No. 36, Cal-
endar No. 44,216.) Decided April 11, 1950.

Bill by Mae H. Peterson against Fred A. Peter-
son for divorce. Decree for plaintiff. Plaintiff ap-
peals. Maude Workman, administratrix of the es-
tate of Mae H. Peterson, deceased, substituted as
party plaintiff. Modified and affirmed.

*Alexis J. Rogoski,* for plaintiff.

*George A. Parmenter,* for defendant.

NORTH, J. Mrs. Mae H. Peterson in a suit for
divorce obtained a decree on the ground of extreme
cruelty. No alimony was awarded to her, but the
decree provided for a property settlement between
her and defendant, Fred A. Peterson. Plaintiff,
claiming that the decreed property settlement was,
as to her, grossly inadequate and inequitable, took a
timely appeal from that phase of the decree in Au-
gust, 1948. There was no appeal from the provision
of the decree granting the divorce, nor from the pro-
vision that the decreed property settlement should

"be in lieu of alimony." Prior to settlement of the record on appeal Mrs. Peterson died, on December 21, 1948. Thereafter the administratrix of Mrs. Peterson's estate was substituted as plaintiff and appellant in the instant proceedings, the record was settled, and the case submitted in this Court. For convenience, unless otherwise noted, we herein refer to Mrs. Peterson as plaintiff or appellant.

The issue first to be considered is the right of the administratrix of plaintiff's estate to continue the prosecution of the appeal from the decreed property settlement. In this jurisdiction litigation of this character, insofar as it involves property rights, survives the death of one of the parties litigant. *Shafer* v. *Shafer*, 30 Mich 163; *Seibly* v. *Ingham Circuit Judge*, 105 Mich 584; *Hagerty* v. *Hagerty*, 222 Mich 166.

We hear appeals of this type *de novo*. The issue before us is this: Considering all relevant facts and circumstances disclosed by the record as they existed at the time the matter was submitted to the trial court, was the decreed property settlement inequitable and inadequate as to appellant? .

The property settlement provided that defendant should pay plaintiff $1,800 without interest in weekly payments of $10, and made the obligation a lien on defendant's home property, worth approximately $5,000, and on defendant's barbershop equipment. This provision was in lieu of alimony and in satisfaction of all rights plaintiff might otherwise have in any interest in property that defendant then had or might thereafter have.

At the time these parties were married (July 15, 1942) each was approximately 50 years of age. The separation occurred a little more than 5 years later, December 3, 1947. No children were born of the marriage. Plaintiff had been employed prior to the marriage and at that time had savings amounting

to approximately $1,300. After the marriage she continued employment outside the household until about the last year that the parties lived together, and during that time plaintiff had total earnings claimed to have been somewhat in excess of $6,000. Shortly after the marriage plaintiff purchased additional furniture for the home and claimed to have expended from her own funds therefor $1,027.70; but defendant testified that he contributed $400 toward this purchase. It is fair to infer from the record that plaintiff expended her own funds for her personal needs and for joint household expenses so that at the time of the trial she was possessed of only approximately $400.

More than 20 years prior to the marriage of these parties defendant purchased the dwelling house in which they lived and in which he conducted a barbershop having a rather limited patronage. This home property was appraised at $5,000. At the time of the marriage defendant possessed his barbershop equipment and some household furnishings, which furnishings were then of the value of $300. He then had and has now a diamond ring which at the time of the trial was shown to be worth from $800 to $1,000, and defendant also owns an automobile valued at $650. The gross income from defendant's barber business is shown to have varied from $67 to $88 per month. Because of physical impairment affecting the free use of his arms defendant is somewhat handicapped in his work as a barber. His total worth is seemingly in the neighborhood of $7,000 or $8,000. Aside from acquiring the additional household goods, the record fairly indicates that these parties did not accumulate any substantial amount of property during the marriage relation. Instead the income of the two was expended incident to household expenses and their personal needs.

Our review of this record brings the conclusion that the manner in which the property settlement was decreed, especially in making it payable at the small amount of $10 per week, worked an undue hardship to plaintiff and was inequitable. Insofar as the gross amount is concerned, while we think it was somewhat too small, it in and of itself might not be considered sufficiently inequitable to justify interference with and modification of the decree of the circuit judge, who within fair limits was entitled to exercise his best discretion. But in view of the fact that defendant was possessed of the means of paying or securing the payment of the amount awarded plaintiff in a gross sum, or in substantial partial payments, rather than in inadequate weekly instalments without interest, we find that plaintiff was entitled to a different and somewhat more favorable decree as to the property rights; but we are not disposed to increase the gross amount to any substantial extent. In our judgment the decree as to property rights of these parties should be modified to provide that defendant shall pay to plaintiff's estate $2,000, as follows: $500 on or before 6 months from the date of the decree of this Court; $500 on or before 1 year from the date of the decree of this Court, and $1,000 on or before 2 years from the date of the decree of this Court; any and all past due amounts to bear interest at the rate of 5 per cent. per annum, but otherwise without interest. Payment of the sums above granted is to be secured by a lien upon defendant's real property described in the decree of the lower court, but not upon his barbershop equipment. And the decree may also provide that in event of default in the payment of any of the above sums for a period of 60 days after the same is due, the administratrix may in writing, served on defendant, declare all unpaid sums due and payable forthwith.

We adhere to our former ruling in this case which denied plaintiff's application to have the case remanded for the purpose of taking further testimony touching the property rights of the parties. The issue of property rights was submitted to the trial court on the record made in the lower court at the time of the hearing. Plaintiff did not move for a rehearing or the right to submit further relevant testimony. No showing has been made which would justify rehearing of that phase of the case on a new and additional record which was not before the trial court. Nor should a further hearing be granted for the purpose of permitting the administratrix of Mrs. Peterson's estate to attempt to have it adjudicated in this case that defendant is liable for the expenses of plaintiff's last illness and burial. Obviously that issue was not submitted to the trial court, and cannot be considered by us on this appeal. *Burlage* v. *Radio Cab Company,* 321 Mich 319, 325.

A decree may be entered in this Court modifying the lower court's decree in accordance with the foregoing, with costs to appellant; and the case will be remanded to the lower court which in its decree reserved jurisdiction for the purpose of enforcing the decreed lien on defendant's property.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.