## LISTH *v.* LISTH.

1. DIVORCE—DEATH—PROPERTY RIGHTS.
   A divorce action survives the death of one of the parties, where decree has been entered by the trial court and property rights are involved.

2. SAME—EXTREME CRUELTY—EVIDENCE.
   Extreme cruelty on part of defendant husband was established by evidence adduced in wife's suit for divorce and entitled her to decree.

3. SAME—TITLE OF PROPERTY IN A THIRD PERSON—PARTIES.
   Property rights of parties to suit for divorce are not considered with reference to property to which title is in a third person, since title thereto should be determined in a proceeding to which such third person is made a party.

4. SAME—DISTRIBUTION OF PROPERTY—EQUITY—FAILURE OF OBJECTOR TO PRODUCE EVIDENCE OF VALUE.
   Claim that distribution of property made by trial court in a divorce suit was not equitable in that there was no evi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation, §§ 179, 442.
[2] 17 Am Jur, Divorce and Separation, § 48 *et seq.*; § 401.
[3-6] 17 Am Jur, Divorce and Separation, § 445.

dence of value *held,* not open to defendant husband, where he had an opportunity to show the value thereof and there was evidence as to cost of a substantial part of the property at time it was purchased.

5. SAME—DIVISION OF PROPERTY—SUPREME COURT.
Generally, the Supreme Court will not interfere with the trial court's disposition of property interests involved in a suit for divorce unless convinced that it would have reached a different conclusion had it occupied the situation of the trial court in the proceedings.

6. SAME—DIVISION OF PROPERTY—EQUITY.
Award to wife of property which parties to suit for divorce had occupied as a home and also used for bakery and which had cost $9,000 in 1944 and to which had been added some equipment thereafter and subjecting her to a lien for payment of $4,000 to husband within 2 years, and awarding him a 5-acre farm and other property whose value was not shown, *held,* not inequitable, where husband failed to present evidence of value of the various properties and wife who had about $4,000 at time of marriage some 14 years theretofore was indebted $3,000 to 2 creditors.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 9, 1951. (Docket No. 19, Calendar No. 44,813.) Decided March 1, 1951.

Bill by Kate Listh against Hugo Herman Listh for divorce on grounds of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on grounds of desertion and extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. After death of defendant, case continued by special administrator. Affirmed.

*David A. Hersh,* for plaintiff.

*Daniel P. Cassidy,* for defendant.

SHARPE, J. This is a divorce suit in which defendant appeals from a decree entered November 19,

1948. Since the entry of the decree, defendant, Hugo Herman Listh, has died and by order of the Supreme Court on December 13, 1950, the cause was revived in the name of Paul F. Listh, administrator of the estate of Hugo Herman Listh, deceased. In view of the fact that property rights are involved, the divorce action survives the death of one of the parties litigant. See *Workman* v. *Peterson,* 327 Mich 456. For convenience we herein refer to Hugo Herman Listh as defendant or appellant.

Defendant was born in Germany in 1898 and came to the United States in 1914. He went to Pittsburgh and learned the bakery trade in that city. He became an American citizen, sold out his business and went to Wheeling, West Virginia, where he worked as a baker. In 1928, he came to Detroit, took a bakery job and later went into business with Henry Rust at 8735 Gratiot avenue. In the fall of 1933 he met plaintiff and they were married in Canada in January, 1934. As a result of this marriage, 2 children were born, Hugo H. Listh age 9 and Rose Listh age 11 as of January, 1948. A few months after the marriage, plaintiff was permitted to legally enter the United States and shortly thereafter the partnership of Listh and Rust was dissolved with Listh taking over the business and plaintiff helping him. Plaintiff and defendant lived in an apartment over the bakery. Shortly thereafter plaintiff's sister Rose Kremser and husband, and John Heitfelt moved into the apartment and lived with the Listh family.

In 1937, defendant opened a branch bakery at the Harper McClellan Market. Another branch bakery was opened at Harper and Conner, which was later moved to Mack avenue. Other branches were opened at Six Mile and Waltham, Cadieux and Harper avenues and also at Wilshire and Chalmers avenues. Clerks were installed in the branch bakeries and at a later date the license to operate a branch

bakery at Mack avenue was made out in the name of Rose Kremser. All other licenses were in the name of defendant.

In 1944, the premises on Gratiot avenue were purchased for $9,000 and improved by putting on a new roof, installing a new bathroom and having the entire apartment redecorated. In 1945, plaintiff and defendant purchased a 5-acre farm in Macomb county from the earnings of the bakery business for the sum of $4,800 and improvements were made thereon costing approximately $5,000. In 1943, property known as 3521 Garland avenue was purchased and title to the same was taken in the name of defendant. The claim is made that this property was paid for by Rose Kremser, but because she was not a citizen, title was taken in the name of defendant.

It is the claim of plaintiff that it was due mainly to her efforts that the bakery business survived in 1934, as at that time defendant was practically bankrupt; that when she entered Canada prior to her marriage to defendant, she had $2,000 which she came into by inheritance and when she married defendant she had $4,000; that she paid Henry Rust $500 to buy his interest in the partnership; and that she performed long hours of labor in the bakery, was up every day at 4 or 5 a.m., to get the store ready for opening at 6 a.m., and then waited on trade and finally closed the shop at 9:30 or 10 p.m., during which time she did much of her housework. It is also the claim of plaintiff that defendant indulged to excess in intoxicants and failed to take care of the business.

Defendant filed an answer and cross bill to plaintiff's bill of complaint and urges that since December, 1945, plaintiff has refused to live with him as a wife, has called him vile and profane names, refused to cook his meals and retained proceeds from the business operations of the bakery.

The trial court after hearing the testimony, entered a decree granting plaintiff a divorce, custody of the 2 minor children and providing that defendant pay the sum of $10 per week for the support and maintenance of each child. The decree also provided for a property settlement in which defendant was awarded the property in Macomb county together with the furniture and certain personal property connected with said property as well as the bakery concessions formerly operated by him including all the equipment used in connection therewith.

Plaintiff was awarded the Gratiot avenue property together with the furniture, fixtures, linens, silverware and other personal property located therein, also, all bakery equipment, fixtures, furniture and office equipment used in connection with the bakery business as well as the motor truck used in connection with the bakery business, subject to a lien in the sum of $4,000 in favor of defendant payable within 2 years.

The decree also provided that neither plaintiff nor defendant had any right, title or interest in the property known as 3521 Garland avenue, Detroit, Michigan.

Defendant appeals and urges that the property settlement was inequitable:

"2. Because the provisions of said property settlement, as set forth in said decree, awarding to the plaintiff all the furniture and other personal property located at the said premises at 8735 Gratiot avenue, Detroit, Michigan, together with all of the bakery equipment, fixtures, furniture and office equipment used in connection with the bakery business, located on the ground floor of said premises, together with a certain motor truck, was inequitable, contrary to the just rights of defendant and appellant.

"3. Because the lower court had no power or authority to award to plaintiff and appellee the business established and owned by defendant and appellant, together with the equipment and other things necessary for him to conduct such business with.

"4. Because the lower court did not have before it any proof of the value of the real estate at 8735 Gratiot avenue, Detroit, Michigan, or of the bakery equipment and other contents of the building at said location, and without such proof of value, there could be no proper determination of the rights of the parties in and to said real estate, said business and said personal property.

"5. Because the award to defendant and appellant of the 5 acres of land located in Macomb township, Macomb county, Michigan, and certain personal property in connection therewith, plus the sum of $4,000.00, was insufficient and did not constitute a just determination of the assets accumulated by the parties to this suit solely from the earnings of the above mentioned bakery business, this being especially so in view of the fact that there was no proof of value before the court of any of said assets.

"6. Because the determination by said decree relative to the premises at 3521 Garland avenue, Detroit, Michigan, purchased solely from the earnings of said bakery business, was unwarranted and the lower court should have determined the respective rights and interests of the parties to this suit in and to said premises."

We have examined the record carefully and conclude that there was competent testimony from which the trial court could find that defendant was guilty of such acts of misconduct as would warrant granting plaintiff a divorce.

In determining whether there was an equitable distribution of the property rights of the parties we shall omit from such consideration the property known as 3521 Garland avenue, as the title to this property appears in the name of Rose Kremser by

a quitclaim deed. A proceeding in which Rose Kremser is made a party would be the proper way to determine title to this property.

It is urged that the trial court could not make an equitable distribution of the property rights of the parties without evidence of the value of the Gratiot avenue property and bakery equipment. There is evidence in the record of the cost of the property as of the date of its purchase in June, 1944, for $9,000. Some improvements were made, also a bread mixer was purchased at a cost of $1,400, a cake mixer for $1,900 and a walk-in ice box for $1,000. The record does not show the date of some of these improvements or purchases or the value of the same at the time the divorce was granted. It appears to us that the defendant had an opportunity to offer evidence as to the value of the Gratiot avenue property and its equipment. His failure to do so now precludes his objecting to the division made in the decree. Defendant also urges that the trial court did not make an equitable division of the property. In addition to the Macomb county farm, defendant also had on deposit in a bank the sum of $2,692.27 as of May 29, 1948.

The record clearly shows that in the operation of the bakery both parties worked long hours and made a success of the business. There is evidence in the record that when the parties were married, plaintiff had approximately $4,000, most of which was used in buying equipment for the bakery. It is also shown that at the time the divorce decree was entered, the bakery was not in operation. There is evidence in the record that at the date the decree was entered, plaintiff was indebted to Frank Reschke in the sum of $2,000 and to Rose Kremser in the sum of $1,000.

It is a general rule that the Supreme Court will not interfere with the trial court's disposition of the

property interests unless convinced that we would have reached a different conclusion had we occupied the situation of the trial court in the proceedings. See *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94, and *Bradley* v. *Bradley,* 292 Mich 370.

Considering the fact that plaintiff invested $4,000 in the business, owes $3,000 to 2 creditors and is required to pay defendant $4,000 within 2 years, we are of the opinion that the division of the property was not inequitable to defendant. The decree is affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.