CASE 70.—ELECTION CONTEST BY GEORGE E. SHAFER AGAINST R. E. GALVIN.—November 20.

# Galvin v. Shafer

Appeal from Jefferson Circuit Court; Chancery Branch (First Division).

SHACKELFORD MILLER, Judge.

From the decree, contestee appeals—Dismissed.

Elections—Contest—Abatement—Death Pending Appeal.—Appeal in an election contest abates on death of contestee pending his appeal; Ky. Stats., 1903, section 1596A, subsection 12, providing for a contest and an appeal by either party, making no provision in case of death of either party, an election contest not being within the jurisdiction of the.courts of common law, and therefore not surviving at common' law, section 10 making certain enumerated actions survive, not embracing it, and though the estate of decedent, he being the unsuccessful party is liable for the costs, an appeal not lying from a mere judgment for costs.

W. J. O'CONNOR for appellant.

C. B. BLAKEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—. Dismissing appeal.

Appellant and appellee were voted for for the office of school trustee in Jefferson county. Appellant was awarded the certificate by the board of canvassers. In due time appellee instituted a contest in the circuit court, resulting in a decree in his favor, adjudging that he had been elected to the

office, and that appellant had not. Seasonably appellant prosecuted an appeal to this court, but before the case was submitted for hearing he died. The case is now being considered on the motion of appellee to dismiss the appeal. The ground of the motion is that, as appellant has died pending the appeal, there is no one who can prosecute it; that appellant's appeal died with him, and, that, as the Legislature has not provided for revivor of the appeal in such cases, no such right exists.

By the act of October 24, 1900 (Laws 1900, Ext. Sess. c. 5, p. 27), now appearing in Carroll's Kentucky Statutes (1903) as section 1596A, the circuit courts are given original jurisdiction of certain election contests, including the class of which the case at bar is one. By the same act it is provided (subsec. 12): "Either party may appeal from the judgment of the circuit court to the Court of Appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal, and by filing the record in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court. And in the Court of Appeals the case shall be heard and determined as speedily as possible, and shall have precedence over all other cases. * * * The unsuccessful party shall pay all costs in both courts." Prior to that act the practice in such cases was regulated by statutes entirely different from the present law, and before nonjudicial tribunals. The present act, while requiring the practice in such cases to conform to the practice in equity actions in the particulars where same can be made applicable, creates a unique course of procedure in many particulars; but there is a com-

plete omission to make any provision for the death of either of the parties to the contest at any stage of the case, either in the circuit court or in this court. If the contestant die before beginning the contest, no provision is made for a contest by any other person; or, if he died pending the contest in the circuit court, there is no provision for revivor, and no survivorship provided; or, if either party die pending the appeal, there is a like failure to provide for revivor. The actions which survive in this State are those which survived at the common law, and such others as are specifically named by statute. Section 10, Ky. St. 1903, enumerates certain actions which did not survive at the common law, but which by that section are made to survive. The courts did not have jurisdiction at the common law to try contests of elections. Hence there could be no survivorship of such an action at the common law. Nor does the statute, as has been already pointed out, make provision for such survivorship. A public office is not an inheritance. Neither the creditors nor heirs at law of the incumbent can have any title to or legal interest in his office. The administrator, not being entitled to it, could neither enter it without suit nor sue to recover it. He is nowise concerned in the litigation over its title.

It is suggested that, as the statute makes the unsuccessful litigant in the contest liable for the costs, appellant's estate is concerned in the judgment in this case, as that judgment includes the recovery of the costs against him, and, unless the judgment is reversed, the estate would be compelled to pay the costs. The case of Snibley v. Palmtag, 127 Cal. 31, 59 Pac. 200, is cited and relied on by appellant. That case was an election contest. The respondent died

pending the appeal. On a motion to abate the appeal, the Supreme Court of California, denying the motion, said: "It is not correct to say that the estate of the deceased has no interest in the controversy. It is provided in section 1125 that if the proceeding be dismissed for want of prosecution, or if the election be affirmed, judgment must be rendered against the party contesting such election. Having commenced the proceeding and prosecuted it to judgment, by which the contestee is deprived of an office to which he had been declared elected, neither he nor his estate could escape the responsibility he has assumed. Appellant has a right to his appeal, and there is a chance that the judgment may be reversed, and that upon a retrial the election would be affirmed." It further appears from the opinion in that case that any elector could have contested the election. We are not satisfied with the reasoning of the court in that case. The opinion seems to be rested at last upon the idea that, because the estate of the decedent had become liable for the costs in the trial court by reason of the judgment, that liability gave it such an interest in the litigation as entitled it to prosecute the appeal to have the judgment reversed. An action for assault and battery does not survive. A judgment for costs against an unsuccessful plaintiff in such an action would have involved his estate in liability, notwithstanding his death; but could his administrator have prosecuted an appeal to have the judgment below reversed so that incidentally the estate might escape the costs?

But in this State there is no appeal from a mere judgment for costs, no matter how much they may amount to. Appellate jurisdiction here is made to depend upon other matters, always excluding the

Galvin v. Shafer.

costs. Section 950, Ky. St. 1903. Costs cannot be considered as affecting the right of appeal. Boske v. Security T. & S. V. Co., 56 S. W. 524, 22 Ky. Law Rep. 181; Moore v. Boner, 7 Bush, 26; Rhodes v. Frankfort Chair Co., 79 S. W. 768, 25 Ky. Law Rep. 2042; Tandy v. Hatcher, 9 Ky. Law Rep. (abstract) 721. In King v. Tilford, 70 S. W. 1064, 24 Ky. Law Rep. 1270, the appellants, as members of the board of aldermen of Louisville, had instituted proceedings to impeach appellees, as members of the board of public safety. An injunction was granted appellees restraining appellants proceeding with the impeachment. Appellants prosecuted an appeal to this court from the judgment perpetuating the injunction. Pending the appeal the terms of office of the parties expired. The appeal was dismissed, as "a reversal would accomplish nothing, and an affirmance would not benefit appellees." Of course, the matter of costs was present in that case, but the court held it to be a moot question notwithstanding. In contests of elections to seats in Congress, the death of a party abates the contest; but, under the provision of the Constitution which makes the house the judge of who may be entitled to hold seats in that body, it may, after the death of a contestant, determine whether the contestee is legally entitled to his seat. Paine's Law of Elections, section 1043, etc. In the contest over the election of Governor in 1900, the contestant died pending the contest. In a suit by the contesting Lieutenant Governor on the same ticket, it was held by this court (Taylor v. Beckham, 108 Ky. 291, 21 Ky. Law Rep. 1735, 56 S. W. 177, 49 L. R. A. 258, 94 Am. St. Rep. 357) that, if the contestant had been elected Governor, upon his death the one elected Lieutenant Governor on his

ticket would have become entitled to the office, and that he "had the right to continue the contest to secure what the Constitution guaranteed to him." Whether otherwise the right of continuing the hearing of the contest survived was not decided.

Inasmuch as the Legislature has not provided for the emergency of death of a party to the contest pending the hearing or appeal, and as independent of legislative enactment such right does not survive at the common law, we must hold that the appeal abates upon the death of either party to it. The hardship of possible injustice in such a result cannot justify the courts making law to relieve it. If a contestant, although wrongfully deprived of the office to which he had been elected, and wrongfully denied the certificate, had died before filing his petition of contest, the certificate would have been the complete title of the holder, and no provision exists for its impeachment. That might have worked a hardship on the public. So here, in the language of the statute (subsection 12, section 1596A), "on the production of a copy of a final judgment, the successful party shall be permitted to qualify or be commissioned," is the legislative declaration of what the status shall be. Whether hardships ensue is for legislative consideration, not ours.

The appeal is dismissed.