In re Charles W. SEATON, Debtor.

Gloria J. NELSON, Individually and as Administrator of the Estate of Anvil Lee Nelson, Sr., Deceased, Plaintiff,

v.

Charles W. SEATON, Defendant.

Bankruptcy No. 88–90977.
Adv. No. 88–9120.

United States Bankruptcy Court,
C.D. Illinois,
Danville Division.

Feb. 23, 1989.

**420**

Thomas M. Goodwin, Danville, Ill., for plaintiff.

Daniel D. Brown, Danville, Ill., for defendant.

Kenneth C. Meeker, Danville, Ill., Trustee.

## OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter is before the Court on Cross-motions for Summary Judgment. The Court has reviewed the pleadings and the memoranda of the parties and, pursuant to Bankruptcy Rule 7056 and F.R.C.P. 56, finds that there are no disputed facts at issue thus rendering this matter ripe for summary judgment. The facts upon which the Court bases its decision are in pertinent part as follows:

1. On November 19, 1977, while riding in his motor vehicle in the City of Danville, Illinois, in the company of one Wayne Mikel, the defendant/debtor, along with Mikel, fired shots from a rifle which debtor kept in his vehicle.

2. Plaintiff's decedent, Anvil Lee Nelson, Sr., was shot and mortally wounded by the gun fire initiated by debtor and Mikel, and he subsequently died from the shooting on November 20, 1977.

3. On December 1, 1977, the debtor was arraigned on charges for the murder of plaintiff's decedent. The debtor pleaded innocent and the matter was set for jury trial in Vermilion County, Illinois, Cause No. 77–CF–277.

4. On March 3, 1978, an Amended Information was filed against the debtor in the state criminal proceeding which charged as follows:

"COUNT I—MURDER—in that they, WAYNE S. MIKEL and CHARLES W. SEATON, on or about the 19th day of November, 1977, did then and there, with intent to kill Anvil L. Nelson shoot and kill Anvil L. Nelson with a rifle, in violation of Chapter 38, Section 9–1, Illinois Revised Statutes, 1975.

COUNT II—MURDER—in that they, WAYNE S. MIKEL and CHARLES W. SEATON, on or about the 19th day of November, 1977, did then and there, with intent to do great bodily harm to Anvil L. Nelson shoot and kill Anvil L. Nelson with a rifle, in violation of Chapter 38, Section 9–1, Illinois Revised Statutes, 1975.

COUNT III—MURDER—in that they, WAYNE S. MIKEL and CHARLES W. SEATON, on or about the 19th day of November, 1977, did then and there knowing that such acts would cause the death of Anvil L. Nelson shoot and kill Anvil L. Nelson with a rifle, in violation of Chapter 38, Section 9–1, Illinois Revised Statutes, 1975.

COUNT IV—MURDER—in that they, WAYNE S. MIKEL and CHARLES W. SEATON, on or about the 19th day of November, 1977, did then and there, knowing that such acts created a strong probability of death or great bodily harm to Anvil L. Nelson shoot and kill Anvil L. Nelson with a rifle, in violation of Chapter 38, Section 9–1, Illinois Revised Statutes, 1975."

5. A jury trial was held starting on March 13, 1978, in Cause No. 77–CF–277, as to the charges against the debtor only. On March 17, 1978, the jury returned a unanimous verdict of guilty to the murder

charges as to the debtor for his part in the shooting of plaintiff's decedent.

6. A sentencing hearing was held in State Court on May 15, 1978, on debtor's murder conviction. Thereafter, on May 16, 1978, Judgment was entered on the guilty verdict, and the debtor was sentenced to serve not less than 15 years minimum and not more than 35 years maximum in the Illinois Department of Corrections for the murder of plaintiff's decedent.

7. On October 19, 1978, the plaintiff filed a Civil Complaint in Vermilion County, Illinois, as Cause No. 78–L–245. The Complaint alleged, among other things, that the debtor's negligent acts caused the death of plaintiff's decedent. The Complaint did not raise as an issue whether debtor's acts constituted willful and wanton misconduct.

8. On February 13, 1986, a jury trial was held on plaintiff's state civil case. On the same day, the jury returned a unanimous verdict finding for the plaintiff and against the debtor/defendant. The jury awarded the plaintiff $260,000 as Administrator of the Estate of Anvil Lee Nelson, Sr., and $4,341.51 to the plaintiff individually. It is this civil judgment which plaintiff now seeks to be determined as nondischargeable under 11 U.S.C. § 523(a)(6).

9. On September 23, 1988, the debtor filed his Chapter 7 Bankruptcy Petition in which he named the plaintiff individually and as Administrator of the Estate of Anvil Lee Nelson, Sr., as a creditor with an unsecured claim of $312,564.97 based upon the civil Judgment in Cause No. 78–L–245.

10. On October 26, 1988, the plaintiff filed her adversary Complaint to determine dischargeability of the debt which arose as a result of the state civil court Judgment against the debtor.

11. On December 14, 1988, the debtor filed his Answer to plaintiff's complaint in which he generally denied the allegations of the Complaint.

12. Thereafter, both debtor and plaintiff filed Motions for Summary Judgment and supporting Memoranda. The plaintiff also filed a Response to Defendant's Motion for Summary Judgment.

In considering the matter before it, the Court has reviewed the pleadings of the parties and the memoranda filed in support of the pleadings. The Court has also reviewed the pleadings and records of the state court criminal and civil proceedings against the debtor which were supplied by the parties.

In order for Summary Judgment to be proper, the movants must demonstrate that there are no genuine issues of material fact thus entitling movants to judgment as a matter of law. *Goodrich v. Intern. Broth. of Elec. Workers, AFL–CIO,* 712 F.2d 1488 (D.C.Cir.1983); F.R.C.P. 56(c). The parties in the instant case agree that there are no material facts at issue and, upon its review of the matter, the Court finds that there are no material fact issues remaining, thus this matter may be decided as a matter of law.

Under Title 11 U.S.C. § 523(a)(6), a debtor is denied a discharge as to debts which arise from willful and malicious injury caused by the debtor to another entity or to the property of another entity. The plaintiff must prove that (1) there was a willful and malicious act on the part of the debtor (2) done without cause or excuse (3) which leads to harm to another entity or property of another entity. *In re Hallahan,* 78 B.R. 547, 550 (Bankr.C.D.Ill.1987). While there is no universally accepted definition of the terms "willful and malicious," the majority of Courts have concluded that willful and malicious conduct is a deliberate or intentional act of a debtor having knowledge that the act could harm another. *In re Roemer,* 76 B.R. 126 (Bankr.S.D.Ill.1987); *In re Hallahan, supra,* at 550; *United Bank of Southgate v. Nelson,* 35 B.R. 766 (Bankr.N.D.Ill.1983). The term "malicious" has been defined as a wrongful act done consciously and knowingly in the absence of just cause or excuse. *In re Bossard,* 74 B.R. 730 (Bankr.N.D.N.Y.1987); *In re Condict,* 71 B.R. 485 (Bankr.N.D.Ill. 1987). It is not necessary for the debtor to act with ill will or malevolence toward the injured party. *Hallahan, supra,* at 550. *In re Gaebler,* 88 B.R. 62 (Bankr.E.D.Pa. 1988).

■ The Court will first address the issue raised by the debtor in his motion for summary judgment. The debtor argues that the principle of collateral estoppel bars this Court from finding that debtor's actions in regard to the shooting of plaintiff's decedent were "willful and malicious" as is required by 11 U.S.C. § 523(a)(6). The debtor argues that the state civil action against debtor controls since it is this judgment that plaintiff asks to be excepted from debtor's discharge. The debtor further argues that, in the civil action, debtor was found to have been "negligent" and that there was no finding of willfulness or maliciousness and, as such, the plaintiff should be precluded from asking this Court to determine that debtor's acts were "willful and malicious" so as to bar debtor's discharge.

The Court has reviewed debtor's arguments and it disagrees with debtor's position. In order for collateral estoppel to apply, the Court must find that (1) the issues must be the same as those involved in the prior action; (2) the issues must have actually been litigated in the prior action; (3) litigation of the issues in the prior action must have been essential to the prior judgment; and (4) there must have been a final, valid judgment in the prior action. *In re Wade*, 26 B.R. 477 (Bankr.N.D.Ill. 1983); *Klingman v. Levinson*, 831 F.2d 1292 (C.A.7, 1987); *Cook County v. Midcon Corp.*, 574 F.Supp. 902 (N.D.Ill.1983), *aff'd.* at 773 F.2d 892 (C.A.7 1985). This Court finds that in debtor's state civil case the issues of the willfulness and maliciousness of debtor's acts was not raised, nor were they litigated. Additionally, a determination by the State Court that debtor's conduct was willful and malicious was not essential to the civil judgment which was rendered. For these reasons, the Court finds that it must *DENY* the debtor's Motion for Summary Judgment.

■ The Court now turns its attention to the plaintiff's Motion for Summary Judgment. The plaintiff also argues that collateral estoppel is involved in this matter, but not as to the civil case, but as to the debtor's criminal case. The plaintiff argues that, in order for the debtor to have been convicted of murder, the jury at least had to have found that the debtor acted with the knowledge of the strong probability that his acts would cause death or great bodily harm to plaintiff's decedent. The plaintiff argues that this finding requires the same decision as to the character of debtor's acts as would be required under § 523(a)(6) and that the matter was fully litigated, was essential to the state court criminal judgment and that a final, valid Judgment was entered. On this basis, the plaintiff contends that collateral estoppel bars the debtor from further litigating the issue.

The Court has reviewed the authorities cited by plaintiff and has further researched the matter. The Court has found several cases involving similar circumstances as in the instant case where a debtor's debt was found to be nondischargeable under 11 U.S.C. § 523(a)(6). *In re Pitner*, 696 F.2d 447 (C.A.6 1982); *In re Gaebler*, 88 B.R. 62 (E.D.Pa.1988); *In re Wagner*, 79 B.R. 1016 (Bankr.W.D.Wis.1987). From the Court's review of these cases, the Court finds that the application of the principle of collateral estoppel as plaintiff suggests is appropriate in this case. The Court finds that the debtor's actions regarding the shooting of plaintiff's decedent were done deliberately with the knowledge that said actions could cause great harm to plaintiff's decedent. These acts were done in the absence of just cause or excuse. Some courts have held that there may be cases where a particular set of facts are so "egregious as to add up to nondischargeability as a matter of law under § 523(a)(6)." *In re Fielder*, 799 F.2d 656 (C.A.11 1986). It is not necessary for this Court to rely on this proposition of law, but had it been so the Court here notes that the facts of this case would give rise to the application of the principle in this Court.

In conclusion, the Court has found that the matters litigated in debtor's criminal case give this Court sufficient basis to hold that plaintiff's claim is nondischargeable under 11 U.S.C. § 523(a)(6) using the principle of collateral estoppel.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

### ORDER

For the reasons set forth in an Opinion entered on the 23rd day of February 1989;

IT IS, THEREFORE, ORDERED that:

A. The debtor's Motion for Summary Judgment is *DENIED;*

B. The plaintiff's Motion for Summary Judgment is *GRANTED;* and,

C. The debtor's debt to plaintiff is found to be nondischargeable under 11 U.S.C. § 523(a)(6) in the amounts of $260,000 and $4,341.51 respectively, together with costs and interest at the Illinois statutory rate from the date of Judgment in Vermilion County, Illinois, Cause No. 78–L–245.