**In re Faith C. FINALY, Debtor.**

**Todd J. BARSTOW, Plaintiff,**

v.

**Faith C. FINALY, Defendant.**

**Bankruptcy No. 95–10257.
Adv. No. 95–1049.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 19, 1995.

Renee S. Frankel, Cincinnati, OH, for Plaintiff.

Robert A. Goering, Cincinnati, OH, for Defendant.

## DECISION AND ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

The present adversary proceeding is related to the defendant-debtor's Chapter 7 bankruptcy case. The complaint asserts a claim of nondischargeability pursuant to 11 U.S.C. § 523(a)(15).

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(I).

The complaint alleges, inter alia, that the parties were divorced on January 7, 1993; that they are co-debtors to Western Financial Savings Bank ("Western"), the mortgagee of their marital home, for approximately $173,000.00; that they are co-debtors to James and Adzie Barstow (the parents of the plaintiff) for a loan in the approximate amount of $28,500.00. The complaint further alleges that the divorce decree ordered defendant to pay $425.00 a month toward their mortgage payment.

Now before this Court are Motions for Summary Judgment filed by the parties. Defendant's motion is entitled Motion for

Summary Judgment on Issue of Liability of Debtor to James and Adzie Barstow. Defendant has not accompanied her motion with any of the evidentiary material contemplated by F.R.Civ.P. 56. Her motion is based entirely upon a provision in the Marital Termination Agreement which is attached to the complaint. In opposition to defendant's motion and as a cross-motion, plaintiff has filed Plaintiff's Motion for Summary Judgment and Memorandum in Opposition to Defendant's Motion for Summary Judgment. In support of that filing, the plaintiff has filed a memorandum and submitted the deposition of the defendant with exhibits, his own affidavit, and the affidavits of his parents, James and Adzie Barstow. Plaintiff has also submitted his responses to defendant's interrogatories, a statement of the balance of the loan from the Barstows, and a written agreement between defendant and plaintiff concerning the separation of their property upon divorce ("Property Division Plan").

From the submissions, we find the following undisputed facts. The plaintiff and the defendant were married July 7, 1984. In the summer of 1990, the parties received a loan of $20,350.00 from the parents of the plaintiff for the down payment on their marital home. The parties also financed their home by a mortgage through Western in the sum of approximately $180,000.00.

Shortly after purchasing the home, the parties separated and subsequently divorced on January 7, 1993. The judgment of dissolution included a Marital Termination Agreement which specified that plaintiff could remain in exclusive possession of the house for a period of time. The defendant was obligated, under the Marital Termination Agreement, to pay $425.00 of the monthly mortgage payment until the residence was sold. This monthly payment was made by the defendant until she filed her Chapter 7 case in January of 1995. The Marital Termination Agreement requires that the parties hold each other harmless to the extent of his or her share of the monthly mortgage payment.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c), made applicable in bankruptcy by Fed. R.Bankr.P. 7056. The moving party bears the burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

## I. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE DISCHARGEABILITY OF HER DEBT TO JAMES and ADZIE BARSTOW

The defendant in her motion argues for discharge of her portion of the debt to the Barstows based on the intent of the parties as expressed in the language of the Marital Termination Agreement. She argues that the Agreement only obligated her to pay the debt out of her share of the proceeds of the sale of the marital home. As a result, the defendant argues that any part of the debt not satisfied by those proceeds is dischargeable as to her because she did not incur it in connection with the Marital Termination Agreement.

The plaintiff counters this argument in his motion by asserting that the language of the Marriage Termination Agreement and the attached evidence could only support a finding by this Court that the defendant incurred her portion of the debt to the Barstows in the course of the divorce, and therefore it is nondischargeable. The plaintiff further argues that the defendant is able to pay the debt and that the balance of the equities favors nondischargeability of the obligation.

The statute upon which the complaint is based, § 523(a)(15), provides:

§ 523 Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) or this title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a

court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependant of the debtor, and if the debtor is engaged in a business, for the payment of the expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

■ Because Congress only recently enacted this section of the Bankruptcy Code, we must turn to the legislative history for guidance in interpreting it. That legislative history states that:

The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that are owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse-an obligation to hold the spouse harmless-which is within the scope of this section. (Citation omitted)

140 Cong.Rec. H10752–01, H10770 (daily ed. October 4, 1994).

Exceptions to discharge are interpreted narrowly; any debt not excepted by Congress is presumed to be discharged. *Brown v. Felsen,* 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979); *In re Gallagher,* 72 B.R. 830, 834 (Bankr.N.D.Ind.1987).

■ After reviewing the submissions by plaintiff, we conclude that there are no genuine issues of fact which preclude the granting of defendant's motion. Based on the legisla-

tive history, it is clear that § 523(a)(15) applies only to debts owed to a spouse or former spouse. Because the debt in question is owed to the parents of the spouse, the plaintiff cannot argue for nondischargeability under § 523(a)(15). Further, by the express language of the legislative history, the parents of the plaintiff do not have standing to assert nondischargeability under § 523(a)(15). Since this is so, a fortiori, plaintiff is precluded from making such an assertion. Therefore, this court cannot grant plaintiff any relief regarding any obligation that defendant may have to third parties James and Adzie Barstow. Accordingly, defendant's motion will be granted.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE NONDISCHARGEABILITY OF DEBT TO JAMES and ADZIE BARSTOW and TO WESTERN FINANCIAL

The plaintiff's motion and defendant's response concern the dischargeability of the debts to both the Barstows and Western. In accordance with our decision *supra* in Section I, the plaintiff's motion which seeks a holding that defendant's debt to the Barstows is dischargeable is denied.

■ Relative to the debt to Western, the parties are jointly indebted, with the parents of the plaintiff as co-signers, to Western for the mortgage on their house. The plaintiff contends that the defendant's portion of this debt should be nondischargeable pursuant to § 523(a)(15). He argues that this obligation was addressed in the Marital Termination Agreement of the parties and, therefore, it is within the scope of § 523(a)(15) as a debt incurred in connection with the parties' divorce decree. Further, the plaintiff argues that the Property Division Plan, written prior to the divorce, which calls for the parties to share any loss that results from the sale of the house, should make the debts to both the plaintiff's parents and the mortgagee nondischargeable as debts incurred in the course of the divorce of the parties.

As indicated *supra,* § 523(a)(15) applies only to debts owed to the former spouse. The plaintiff cannot assert § 523(a)(15) to

render nondischargeable a debt owed to a third party. Therefore, the Court will deny the plaintiff's motion as to the nondischargeability of this debt to Western.

An issue remains to be resolved so that at present this cannot be a final order. That issue concerns the hold harmless agreement which the parties entered into in their Marriage Termination Agreement. The defendant's agreement to hold her spouse harmless for the sum of $425.00 month may be an obligation to her former spouse "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement [or] divorce decree ...". 11 U.S.C. § 523(a)(15). An evidentiary hearing will be necessary in order to determine the dischargeability of the obligation which results from this agreement.

So Ordered.