**In re John Edward BARTHOLOMEW, Jr., Debtor.**

**Holly B. BARTHOLOMEW, et al., Plaintiff,**

v.

**John Edward BARTHOLOMEW, Jr., Defendant.**

Bankruptcy No. 97–51295.
Adversary No. 97–0133.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

May 28, 1998.

Sheila M. Sinno, Enz & Sequin, Columbus, OH, for plaintiff.

Robert E. Bardwell, Jr., Jill Stemen Tangeman, Columbus, OH, for defendant/debtor.

*OPINION AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF PARTICULAR INDEBTEDNESS*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter came before the Court on April 21, 1998, for a trial on count three of the plaintiff's complaint. The parties have agreed that the obligations from the defendant to the plaintiff in counts one and two are nondischargeable. In count three the plaintiff seeks a determination that the defendant's obligation to pay one-half of a certain promissory note to Marjorie S. Paine is nondischargeable.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I).

The underlying facts in this case were not in dispute, and were established by the plaintiff's testimony and the three exhibits that were introduced into evidence without objection.

Holly Bartholomew, the plaintiff in this adversary, is the former spouse of the debtor-defendant John Bartholomew. The Bartholomews were married on March 28, 1970. In February 1984, they borrowed $20,000 from Marjorie S. Paine, the plaintiff's mother, for a down payment on their marital residence. Both the plaintiff and the defendant executed a promissory note for that sum in favor of Mrs. Paine. The note was payable on demand and contained no interest provision. *See* Exhibit 2.

The parties experienced marital difficulties which led to their separation and subsequent divorce. A judgment entry/decree of divorce was entered on January 18, 1995, terminating their marriage. This decree, *inter alia*, provided for the sale of the marital residence and the disbursement of the sale proceeds. After satisfaction of the first mortgage and payment of the costs of sale, the net proceeds were to be used to pay the $20,000 obligation to Marjorie S. Paine. *See* Exhibit 1.

The parties eventually sold their home, but the proceeds were insufficient to pay any portion of the note. Through her affidavit executed October 20, 1995. Mrs. Paine consented to the sale of the home but indicated that by doing so she was in no way releasing or forgiving the obligation created by the note. *See* Exhibit 3.

Marjorie S. Paine is deceased, and the plaintiff is the executor of her estate. The plaintiff brought this action in both her individual and representative capacities. The Court, however, at the outset of the trial determined that the plaintiff lacked standing, as a representative of her mother's estate, to bring a dischargeability action pursuant to 11 U.S.C. § 523(a)(15) or (a)(5).

The defendant filed a petition under chapter 7 of the Bankruptcy Code on February 13, 1997. Among the debts he sought to discharge was his obligation under the note to Marjorie S. Paine.

The plaintiff brought a timely action seeking a determination that this obligation (as well as certain other obligations in the other two counts) was nondischargeable under both 11 U.S.C. § 523(a)(5) and (a)(15). At the commencement of the trial, the plaintiff's attorney represented that she was proceeding only under § 523(a)(15).

Section 523(a)(15) provides that a discharge under § 727 does not discharge a debt:

> . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

In a prior decision, the Court determined that the exceptions to nondischargeability are best treated as affirmative defenses. *Dolores C. Barnes v. Marshall E. Barnes (In re Marshall E. Barnes)*, 218 B.R. 409 (Bankr.S.D.Ohio 1998). Because the defendant in this adversary chose not to put forward any evidence related to these defenses, they are deemed to have been waived.

Despite such waiver, however, the Court is left with the threshold question of whether the defendant incurred any obligation to his former wife in connection with the parties' divorce decree. In answering the question, the Court considered the decision in *Barstow v. Finaly (In re Finaly)*, 190 B.R. 312 (Bankr.S.D.Ohio 1995), as well as a more

recent opinion in *Pattianne Gibson v. Michael A. Gibson (In re Michael A. Gibson)*, 219 B.R. 195 (6th Cir. BAP 1998).

In *Barstow*, the parties were co-debtors to the plaintiff's parents for a loan evidenced by a promissory note in the original amount of $20,350. The parties used the proceeds from this loan for the down payment on their marital home. Shortly after purchasing the home, the parties separated and subsequently divorced. The marital termination agreement apparently provided that the note would be paid out of the net proceeds from the sale of that home. The defendant subsequently filed a petition under chapter 7, and the plaintiff sought a determination that the defendant's one-half obligation under the note was nondischargeable under § 523(a)(15).

Upon reviewing the legislative history for this provision and following the principle that exceptions to discharge are to be construed narrowly, the bankruptcy court concluded that § 523(a)(15) applies only to debts owed to a spouse or former spouse. *Barstow*, 190 B.R. at 315. Because the debt was owed to the plaintiff's parents and not to the plaintiff, the court determined the debt to be dischargeable. *Id.*

The circumstances in the present case are nearly identical to those in *Barstow*. The intervening decision in *Gibson* casts doubt, however, on the viability of the determination in *Barstow* by expanding the definition of "debt" under § 523(a)(15) to include obligations owing to third parties.

In *Gibson*, the parties incurred a debt to the debtor's stepfather during the marriage. This debt was evidenced by a promissory note jointly executed by the parties on May 17, 1992. The parties' marriage was terminated by a decree of dissolution entered on May 9, 1996. The decree of dissolution expressly incorporated the parties' separation agreement which provided that the husband shall pay any and all debts to his parents.

The debtor thereafter filed a chapter 7 petition listing the joint obligation under the note in his schedules. Approximately two months later, the debtor's stepfather commenced an action in state court against Ms. Gibson seeking judgment against her on the note. She then brought this action asking that the debtor be held solely responsible for payment of the note under the separation agreement and that this obligation be determined to be nondischargeable under § 523(a)(5) and (a)(15).

The bankruptcy court in *Gibson* granted the debtor's motion for summary judgment and dismissed the plaintiff's complaint on the grounds that the separation agreement did not create any obligation in favor of the plaintiff. Important to the bankruptcy court's determination was the absence of any obligation in the separation agreement to make payments directly to the plaintiff or to hold her harmless on the debt to the debtor's stepfather. *Gibson v. Gibson (In re Gibson)*, 210 B.R. 113 (Bankr.N.D.Ohio 1997).

The Bankruptcy Appellate Panel for the Sixth Circuit reversed the determination under § 523(a)(15). *Gibson*, slip op. at 18. The panel reasoned that while the parties remained jointly liable on the note exactly as they had been prior to the termination of their marriage, entry of the dissolution decree created an additional obligation on the part of the debtor to pay any and all debts, including the note to his stepfather. *Id.* at 17. Under Ohio law, this new obligation was fully enforceable as a judgment of the domestic relations court. *Id.* As a result, the plaintiff obtained a new right to payment and enforcement of this judgment notwithstanding that the debt is payable to a third party and the absence of any hold harmless language in the separation agreement. *Id.* at 17–18.

■ Having reviewed the parties' divorce decree in the present case and considered the rationale in *Gibson*, the Court concludes that the debtor did not incur any additional obligation to the plaintiff to pay her portion of the joint obligation under the promissory note to Marjorie S. Paine. Nor did the plaintiff acquire any right to payment or enforcement of the obligation under the divorce decree. Therefore, the situation is more akin to that in *Barstow* than to the situation in *Gibson*. Accordingly, the Court determines that the debtor's obligation under the note is dischargeable, and a separate

judgment shall be entered in favor of the debtor.

**IT IS SO ORDERED.**