**In re P. Diane BRYANT, Debtor.**

**Estate of Donald Bryant, Plaintiff,**

**v.**

**P. Diane Bryant, Defendant.**

**Bankruptcy No. 00–32437(2)7.
Adversary No. 00–3084.**

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 29, 2001.

James K. Stayton, Louisville, KY, for debtor.

Cathy Pike, Louisville, KY, trustee.

### *MEMORANDUM OPINION*

J. WENDELL ROBERTS, Bankruptcy Judge.

Plaintiff, the Estate of Donald Bryant ("Plaintiff"), filed this Adversary Proceeding on July 3, 2000. Donald Bryant, now deceased, was the ex-spouse of the Defendant/Debtor ("Debtor"). Plaintiff filed this action pursuant to 11 U.S.C. § 523(a)(15), seeking a determination that a debt owed to Donald Bryant pursuant to a property settlement agreement is non-dischargeable.

This matter is presently before the Court on Debtor's Motion to Dismiss the Complaint on the grounds that Plaintiff lacks standing to bring this action. Relying on the plain language and legislative history of 11 U.S.C. § 523(a)(15), Debtor argues that only an ex-spouse may bring a complaint under that provision. Plaintiff counters that under Kentucky law, Debtor's obligation under the property settlement agreement was not extinguished by Mr. Bryant's death, and further argues that it stands in the shoes of decedent and is authorized to prosecute all claims on behalf of his estate.

The Court has considered the briefs filed by both parties and has conducted its

own independent research. For the reasons hereinafter set forth, the Court **SUSTAINS** the Debtor's Motion to Dismiss.

### FACTS

The Court has not had the benefit of reviewing the Property Settlement Agreement but has gleaned the essential facts from the bankruptcy petition and the pleadings. Donald Bryant and the Debtor were married. It does not appear that the parties had children. Debtor does not list any dependents in her petition nor has Plaintiff made any allegations that Debtor owes child support. Plaintiff filed this action on behalf of Mr. Bryant's estate, and not on behalf of any minor children. The parties entered into the Property Settlement Agreement on October 26, 1998 and their divorce became final on November 24, 1998. Debtor agreed to pay Mr. Bryant $17,050.40 plus 8% interest from October 26, 1998 for his share of the marital estate. Debtor apparently defaulted on this obligation.

In 1999, Donald Bryant met an untimely death. After his death, Plaintiff filed a collection action in state court against Debtor to enforce the property settlement agreement. This action is currently in abeyance as the Debtor filed a Chapter 7 bankruptcy on May 19, 2000. Plaintiff is listed in the petition as a secured creditor in the amount of $17,000, as the debt is partially secured by a $7,000 vendor's lien. Plaintiff timely filed this Adversary Proceeding on July 3, 2000. Debtor filed the Motion to Dismiss that is currently before the Court on July 19, 2000. Debtor received her bankruptcy discharge on August 29, 2000.

### LEGAL DISCUSSION

■ Debtor first argues that Plaintiff's complaint fails to state a claim upon which relief may be granted, as the complaint does not specify the provision of 11 U.S.C. § 523 upon which it is requesting relief. However, the Court notes that Plaintiff has listed 11 U.S.C. § 523(15) on its Adversary Proceeding Cover Sheet, which apparently is a reference to § 523(a)(15). In addition, the facts presented in the Complaint and the statements made in Debtor's Response to the Motion to Dismiss clearly state a claim under 11 U.S.C. § 523(a)(15).

■ Debtor's argument regarding Plaintiff's lack of standing has more merit, and the Court is persuaded that Debtor's position is correct. As part of the Bankruptcy Reform Act of 1994, Congress amended 11 U.S.C. § 523(a) by adding a new subsection, 523(a)(15). That provision states as follows:

(a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to repay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor(.)

This provision generally makes debts incurred in a divorce, separation or property settlement agreement nondischargeable with two exceptions. The debt will be discharged if the Debtor demonstrates an inability to repay the debt or that discharging the debt will result in a benefit to the Debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the Debtor. *See In re Smither,* 194 B.R. 102 (Bankr.W.D.Ky.1996) for this Court's general discussion of § 523(a)(15). Prior to the enactment of this subsection, family obligations to a spouse, former spouse or child of the Debtor were nondischargeable only if they were in the nature of support, including child support, alimony and maintenance. *See Long v. Calhoun (In re Calhoun),* 715 F.2d 1103 (6th Cir. 1983) and *Fitzgerald v. Fitzgerald (In re Fitzgerald),* 9 F.3d 517 (6th Cir.1993).

■ The legislative history of § 523(a)(15) reveals that the intent of the provision was to address the inequity resulting when one spouse agrees to assume marital debts and hold the other spouse harmless, or where one party agrees to lower alimony in return for a larger property settlement, only to have the agreement eviscerated when the ex-spouse subsequently files bankruptcy. Under the original draft of the legislation, and according to the legislative history, such debts were intended to be discharged only if the debtor was unable to pay **and** discharging the debt would benefit the debtor more than the detriment it would cause to the spouse, former spouse or child. This legislative intent was not clearly expressed when § 523(a)(15) was enacted. Claude R. Bowles and Jessica B. Allmand, *What the Bankruptcy Code Giveth, Congress Taketh Away: The Dischargeability of Domestic Obligations After the Bankruptcy Reform Act of 1994,* 34 Louisville J. Fam. L. 52 (1996). The relevant portion of the legislative history is reproduced below:

Subsection (e) adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such "hold harmless" and property settlement obligations are not found to be in the nature of alimony, maintenance, or support, they are dischargeable under current law. The nondebtor spouse may be saddled with substantial debt and little or no alimony or support. This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts. In other words, the debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. The Committee believes that payment of support needs must take precedence over property settlement debts. The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee. For example, if a nondebtor spouse would suffer little detriment from the debtor's nonpayment of an obligation required to be paid under a hold harmless agreement (perhaps because it could not be collected from the nondebtor spouse or because the nondebtor spouse could easily pay it) the obligation would be discharged. The benefits of the debtor's discharge should be sacri-

ficed only if there would be substantial detriment to the nondebtor spouse that outweighs the debtor's need for a fresh start.

The new exception to discharge, like the exceptions under Bankruptcy Code § 523(a)(2), (4), and (6) must be raised in an adversary proceeding during the bankruptcy case within the time permitted by the Federal Rules of Bankruptcy Procedure. Otherwise the debt in question is discharged. *The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or former spouse-an obligation to hold the spouse or former spouse harmless– which is within the scope of this section.* See In re Mac-Donald, 69 Bankr. 259, 278 (Bankr. D.N.J.1986).

140 Cong. Rec. H10752, H10770 (daily ed. Oct. 4, 1994) (statement of Chairman Brooks) (emphasis added). Debtor relies on this legislative history to assert that only a spouse or ex-spouse has standing to bring a complaint under 11 U.S.C. § 523(a)(15). However, the purpose of the emphasized portion above, taken as a whole, is to point out that third parties to whom a marital debt is owed have no standing under § 523(a)(15). It does not resolve the question at issue here—whether an administrator or executor acting on behalf of the ex-spouse's estate has standing to sue.

■ Pursuant to 11 U.S.C. § 523(c) and Federal Rule of Bankruptcy Procedure 4007(a), only the debtor or a creditor may bring an action to determine the discharge of a particular debt. Creditor is defined by the Bankruptcy Code as an "entity that has a claim against the debtor that arose at the time of or before the order for relief…" 11 U.S.C. § 101(10)(A). "Claim" is broadly defined as the right to payment, and may include claims arising under federal or state law. 11 U.S.C. § 101(5)(A); 2 Collier on Bankruptcy ¶ 101–05 (15th ed. revised 2000). If a claim is based on state law, whether an entity is entitled to payment from the Debtor is determined by examining the applicable state law. *Caldwell v. Hanes, (In re Hanes)*, 214 B.R. 786, 807 (Bankr. E.D.Va.1997), citing *Putnam County Sav. Bank v. Bagen (In re Bagen)*, 185 B.R. 691, 694 (Bankr.S.D.N.Y.1995).

■ Plaintiff asserts that it has standing to bring an action under 11 U.S.C. § 523(a)(15) because, as the estate's personal representative, it stands in the shoes of Debtor's ex-husband and is authorized by K.R.S. 395.195 to prosecute or defend claims, in any jurisdiction, on behalf of the estate. First, it must be noted that Plaintiff is listed in the complaint herein simply as, "The Estate of Donald Bryant," and this action apparently was not filed by a personal representative on behalf of the estate. Assuming arguendo that the action was filed by the estate's personal representative, Plaintiff is correct that as such it is authorized to bring suits on behalf of the estate.

■ In addition, Plaintiff is correct that actions for breach of contract, such as those based on marital settlement agreements, as in this case, survive the death of a party to the contract under Kentucky law. K.R.S. 411.140, which addresses tort claims that survive the death of the injured party, specifies that an action in tort may be filed by a personal representative, "in

the same names as causes of action founded in contract." Actions that survive in Kentucky include those surviving at common law and those actions specified in K.R.S. 411.140. *Galvin v. Shafer*, 130 Ky. 563, 113 S.W. 485 (1908). Unless an action is precluded by K.R.S. 411.140 it survives at common law. *Ohio Cas. Ins. Co. v. Atherton*, 656 S.W.2d 724 (Ky.1983). The exceptions to survival of claims listed in the statute do not include those for breach of contract. *Moore's Adm'r v. Wagers' Adm'r*, 243 Ky. 351, 48 S.W.2d 15 (1932).

 Therefore, the personal representative of a decedent may bring suit to enforce the terms of a property settlement agreement. But this does not necessarily mean the estate has standing to bring a nondischargeability action under 11 U.S.C. § 523(a)(15). Federal Rule of Civil Procedure 17 (made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7017), states that every action should be prosecuted in the name of the real party in interest. However, the rule further states that an executor or administrator may sue in that person's name without joining the party to whose benefit the action is brought. Thus, a personal representative is the real party in interest when it is statutorily authorized to bring suit on behalf of a decedent. *Fezler v. Davis, (In re Davis)*, 194 F.3d 570 (5th Cir.1999). Absent a direct expression of Congress prohibiting a nondischargeability action by an administrator or personal representative, he or she should be allowed to challenge the discharge of a debt pursuant to 11 U.S.C. § 523. Thus, in this case, the Court must determine whether any intent or expression by Congress would preclude the estate from proceeding under § 523(a)(15).

This Court has found only one reported case that addresses the standing of an estate to file an action under 11 U.S.C. § 523(a)(15). *Bartholomew v. Bartholomew (In re Bartholomew)*, 226 B.R. 849 (Bankr.S.D.Ohio 1998). In that case, the Bartholomews borrowed $20,000 from the Plaintiff's mother for a down payment on their marital home. When the parties divorced, the decree ordered that the house be sold and the proceeds applied to the $20,000 promissory note. The house was sold, but the proceeds were insufficient to pay any part of the debt. Prior to the bankruptcy, the Plaintiff's mother died.

The Plaintiff filed a complaint under 11 U.S.C. § 523(a)(15) on behalf of herself as the ex-spouse and as the executrix of her mother's estate. The Bankruptcy Court determined that Plaintiff lacked standing to bring an action under § 523(a)(15) as a representative of her mother's estate, but did not state its reasons for this finding. *Id.* at 850. As for the claim brought by Plaintiff on her own behalf as the ex-spouse, the Court found that the Debtor's obligation to pay this debt to a third party was dischargeable, as the decree did not specifically create any new right to payment or enforcement on the Plaintiff's part. *Id.* at 851.

 The Court notes a number of decisions allowing executors or administrators of decedents' estates to file non-dischargeability actions under other subsections of 11 U.S.C. § 523. For instance, an executor may bring an action on behalf of a decedent under § 523(a)(6) to declare a civil judgment for wrongful death or negligent conduct resulting in death non-dischargeable as willful and malicious misconduct. *Fezler v. Davis (In re Davis)*, 194 F.3d 570 (5th Cir.1999); *Nelson v. Seaton (In re Seaton)*, 98 B.R. 419 (Bankr.C.D.Ill. 1989); *Clair v. Oakes (In re Oakes)*, 24 B.R. 766 (Bankr.N.D.Ohio 1982). The executor of a Creditor's estate, who has obtained a civil judgment on behalf of the estate, may file a complaint alleging actual

fraud under 11 U.S.C. § 523(a)(2). *LeDonne v. Lasich (In re Lasich)*, 24 B.R. 923 (W.D.Pa.1982) (debt found nondischargeable under § 523(a)(2)).

■ In the above cases, except for *Davis*, the issue of standing was not even raised by the Defendants, as the language in §§ 523(a)(2) and (a)(6) is not restrictive. § 523(a)(6) allows a complaint to be filed by any entity alleging willful and malicious injury by the Debtor. Similarly, § 523(a)(2) is available to any Creditor who believes the Debtor has obtained money, property, services or credit from it by fraud or misrepresentation. In contrast, the language of § 523(a)(5) is more restrictive. It only permits a spouse, former spouse or child of the Debtor to challenge the discharge of a debt for support, alimony or maintenance. Many courts have broadly interpreted § 523(a)(5) to allow attorneys standing to bring a non-discharge action for attorney fees incurred in the effort to obtain a support order, at least where the decree orders an ex-spouse to pay the attorney directly. However, where a former husband is ordered to pay his ex-wife for her attorney fees, the Sixth Circuit has ruled that an attorney has no standing under § 523(a)(5). *See O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears v. Perlin (In re Perlin)*, 30 F.3d 39 (6th Cir.1994) and cases cited therein.

■ On its face, the language of § 523(a)(15) is less restrictive than that found in § 523(a)(5). It applies to any debt, other than one for support, alimony or maintenance, incurred by the Debtor in the course of a divorce or separation. The plain language of the statute does not restrict standing to any particular person or entity. However, only a few reported cases have found that a third party has standing to raise a claim seeking an exception to discharge under § 523(a)(15). *The*

*Law Firm of Wendy R. Morgan v. LeRoy (In re LeRoy)*, 251 B.R. 490 (Bankr. N.D.Ill.2000); *Savage, Herndon & Turner v. Sanders (In re Sanders)*, 236 B.R. 107 (Bankr.S.D.Ga.1999); *Zimmerman v. Soderlund (In re Soderlund)*, 197 B.R. 742 (Bankr.D.Mass.1996). All of these cases address the standing of an attorney contesting the discharge of attorney fees.

In *LeRoy*, the Court said that the language of § 523(a)(15) does not place any limitation on who may bring an action. The Court noted that the restrictive language of § 523(a)(5) has been expansively construed by the Seventh Circuit to confer standing on attorneys. *In re Rios*, 901 F.2d 71, 72 (7th Cir.1990). Therefore, the *LeRoy* Court found that § 523(a)(15) should be similarly construed to confer standing on attorneys who seek to have attorneys fees excepted from discharge. *LeRoy*, 251 B.R. at 506.

The more well-reasoned opinions hold that only a spouse, former spouse or child of the Debtor has standing to assert a claim under § 523(a)(15). *See Brian M. Urban Co., L.P.A. v. Wenneman (In re Wenneman)*, 210 B.R. 115 (Bankr. N.D.Ohio 1997); *Woodruff, O'Hair & Posner, Inc. v. Smith (In re Smith)*, 205 B.R. 612 (Bankr.E.D.Cal.1997); *Abate v. Beach (In re Beach)*, 203 B.R. 676 (Bankr.N.D.Ill. 1997); *Woloshin, Tenenbaum & Natalie, P.A. v. Harris (In re Harris)*, 203 B.R. 558 (Bankr.D.Del.1996); *Douglas v. Douglas (In re Douglas)*, 202 B.R. 961 (Bankr. S.D.Ill.1996); *Barstow v. Finaly (In re Finaly)*, 190 B.R. 312 (Bankr.S.D.Ohio 1995); *Dressler v. Dressler (In re Dressler)*, 194 B.R. 290 (Bankr.D.R.I.1996). *Cf. Dean v. Brunsting (In re Dean)*, 231 B.R. 19 (Bankr.W.D.N.Y.1999) (Debtor's divorce attorney has no standing under § 523(a)(15) because the debt is not owed to a spouse or former spouse but is a

contractual obligation between Debtor and the attorney).

In *Finaly*, the Court relied on the legislative history in finding that only debts to a spouse or former spouse may be excepted from discharge under § 523(a)(15). Since the debt in that case was owed to the parents of the Debtor's ex-spouse, it could not be excepted from discharge. Further, the Court noted that the parents to whom the debt was owed had no standing as third parties to file a complaint under § 523(a)(15). 190 B.R. at 315. The Court also relied on the general rule that exceptions to discharge are to be narrowly construed in favor of the Debtor. *Id.* (citing *Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979)).

An analysis of § 523(a)(15)'s legislative history is more fully flushed out in the *Harris*, *Beach* and *Smith* cases. In *Harris*, the Court stated the general rule of statutory construction—if a statute is plain and unambiguous on its face, that meaning controls. 203 B.R. at 559 (citing *Demarest v. Manspeaker*, 498 U.S. 184, 190, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991)). However, the Court found that in interpreting § 523(a)(15), the legislative intent should control, as this intent was not clearly expressed in the statute. The Court noted that this is one of those rare cases where "the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafter." *Id.* (citing *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)).

§ 523(a)(15) was introduced in Congress as part of H.R. 4711, the Spousal Equity in Bankruptcy Amendments of 1994, and was sponsored by Congresswoman Louise M. Slaughter. *Harris*, 203 B.R. at 560 (citing

140 Cong. Rec. H10773) (daily ed. Oct. 4, 1994) (statement of Rep. Slaughter). The bill's primary intent was to remedy inequities in the bankruptcy law that were perceived as adversely affecting the rights of former spouses and children of Debtors under then existing bankruptcy law. Henry J. Sommer, Margaret Dee McGarrity, and Lawrence P. King, Collier Family Law and the Bankruptcy Code, ¶ 6.07A[1] (2000). Based on this history, the *Harris* Court concluded that the intended scope of § 523(a)(15) was limited to debts owed directly to the Debtor's spouse or former spouse, and therefore only a spouse or former spouse has standing to bring an action under § 523(a)(15). 203 B.R. at 561. *Accord, Beach*, 203 B.R. at 678–80. The *Smith* Court first noted its agreement with the ruling that, according to the legislative history, only a spouse, former spouse or child of the Debtor has standing under § 523(a)(15). 205 B.R. at 616. However, the Court then stated its opinion that the statutory language of § 523(a)(15) is not in conflict with the legislative history because the second exception to discharge under § 523(a)(15) effectively limits standing to a spouse, former spouse or child of the debtor anyway:

If a debt is owed to someone other than a spouse, former spouse, or child of the debtor, discharge of the debt will always result in a benefit to a debtor that is greater than the detriment to his or her spouse, former spouse or child. This is true because, in this circumstance, the benefit to a debtor is necessarily positive, and the detriment to the spouse, former spouse, or child is necessarily zero.

*Id.*[1] Two of the cases holding that a third party has standing to state a claim under

---

1. The *Smith* Court notes that the inconsistency between the plain language of § 523(a)(15)

and its legislative history illustrates that this statute was not well thought through by its

subsection 523(a)(15) find that under the § 523(a)(15)(B) test, discharge of attorneys fees owed by the Debtor will always result in a benefit to the Debtor that outweighs the detrimental consequences of discharge to a spouse, former spouse or child of the Debtor. *LeRoy,* 251 B.R. at 506–08; *Dean,* 231 B.R. at 21–22. In *Soderlund,* however, the Court found that Debtor's divorce attorney had standing under § 523(a)(15) because its two subsections are in the disjunctive. While (B) requires a comparison of the financial standing of the Debtor and his or her former spouse, (A) does not. Therefore, the Court in that case ruled that if the Debtor is unable to pay the debt, the debt is discharged. 197 B.R. at 747.

 This Court will follow the majority of cases that have considered the issue of standing in § 523(a)(15) cases and holds that only a spouse, former spouse or child of the Debtor may file a complaint under this statute. In this case, Plaintiff represents the estate of Debtor's former spouse, not the former spouse himself. Although Plaintiff is authorized by Kentucky law to file a suit on behalf of the decedent, Plaintiff lacks standing to challenge the discharge of the property settlement agreement herein under 11 U.S.C. § 523(a)(15).

While Plaintiff may be the real party in interest pursuant to Federal Rule of Civil Procedure 17, the legislative history of § 523(a)(15) strongly suggests that only a living spouse, former spouse or child of the Debtor has standing to sue under § 523(a)(15). The whole purpose of this provision is to protect a former spouse or child from having to assume marital debts discharged by a Debtor in bankruptcy. Since the former spouse in this case is deceased, the Court has no interest in

protecting his estate, as no detriment can occur to the deceased party if the debt is discharged. The Court notes that if the Plaintiff herein were representing minor children of the deceased ex-spouse, the equities and the law might dictate a different result. Here, where it is not even clear whether the decedent had a will, or who his legal heirs might be, the Court determines that granting standing to his estate would be inconsistent with both the plain meaning and legislative intent of § 523(a)(15).

### CONCLUSION

For the above-stated reasons, this Court by separate Order will sustain Debtor's Motion to Dismiss the Plaintiff's Complaint for lack of standing.

---

drafters. The Court cites this Court's opinion in *In re Smither,* 194 B.R. 102, 106 (Bankr. W.D.Ky.1996) in which we analogized 523(a)(15) to "a paving stone on the road to the region of Hades reserved for litigation nightmares."